Fuld, J.
The primary question posed for decision—the applicability of the rule announced in Babcock v. Jackson (12 N Y 2d 473) —comes to us on appeal from an order dismissing the complaint. It is alleged therein that on December 8, 1963 a commercial airplane, owned and operated by the defendant Pan American, was en route from San Juan, Puerto Rico, to Philadelphia, Pennsylvania, when it disintegrated in flight near the Delaware-Maryland border, the wreckage falling to earth in the vicinity of Elkton, Maryland. Clyde Long and Ernest Grieco were among the passengers killed and this action is brought, respectively, by the former’s executors and by administrators of the latter’s estate. Both of the passengers had resided in Pennsylvania and had purchased their tickets in Philadelphia for round-trip flights from that city to San Juan. They are survived by brothers and sisters who are residents of Pennsylvania, as are the plaintiffs, who were appointed executors and administrators pursuant to the laws of that state. The defendant Pan American is a New York corporation having its principal place of business in this State.
The complaint sets forth eight causes of action based on negligence and breaches of warranties as grounds for recovery under wrongful death and survival statutes. It fails, though, to indicate the jurisdiction on whose statutes the plaintiffs rely. Both Pennsylvania and Maryland permit recoveries for wrongful death but the Maryland law, far more limited than Pennsylvania’s, creates a cause of action only for the surviving spouse, parent and child of the deceased, or a person who was wholly dependent on him (Md. Ann. Code, art. 67, § 4). Neither of the decedents herein was survived by such relatives or persons and plaintiffs would thus be unable to maintain the actions under Maryland law. On the other hand, in Pennsylvania, when a *340 decedent is not survived by designated relatives or dependents, his estate is entitled to a limited recovery for wrongful death (Pa. Stat. Ann., tit. 12, §§ 1601-1602) and the plaintiffs would be proper parties to bring these suits.[1] Turning to the survival statutes, it is to be noted "that Maryland’s resembles Pennsylvania’s since both permit the decedent’s estate, and not just particular survivors, to bring personal injury actions which at common law would otherwise have abated at the decedent’s death (Md. Ann. Code, art. 93, § 112; Pa. Stat. Ann., tit. 20, §§ 320.601-320.603). However, the two states employ differing measures of damages and, while plaintiffs’ complaint is sufficient under the statutes of either, a substantial recovery would seem to be obtainable only under the laws of Pennsylvania.[2]
The defendant Pan American moved to dismiss the complaint for failure to plead the foreign statutes which purportedly authorized the recovery and for the further reason that no cause of action was stated under the law of Maryland which (the defendant urged) must govern here as the lex loci delicti. The justice at Special Term disposed of the first point by noting that CPLR 4511 (subd. [a]) requires the court to take judicial notice of sister state statutes whether or not they are pleaded and dismissed the second argument on the ground that Pennsylvania law governed the sufficiency of the complaint since Pennsylvania was the state which had “ the greatest concern and contact with the parties involved. (Babcock v. Jackson, 12 N Y 2d 473).” *341 Dividing sharply, the Appellate Division reversed, holding that Babcock was inapplicable to actions for wrongfnl death.
Little purpose will be served by extended discussion of the Babcock case. It is enough to recall that the court there rejected the “ inexorable application of the law of the place of the tort ” and adopted for tort cases with multi-state settings the flexible principle that the law to be applied to resolve a particular issue is “ the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern ” with the matter in issue and “ the strongest interest ” in its resolution (12 N Y 2d, at pp. 481, 484). This controlling-principle was recently reaffirmed in Dym v. Gordon (16 N Y 2d 120).
In the case before us, there can be no doubt that application of the principle laid down in Babcock would lead to the selection of Pennsylvania law rather than that of Maryland. A Pennsylvania citizen has met an untimely death allegedly as the result of the defendant’s wrongdoing. Being vitally concerned with the administration of an estate of one of its decedents, Pennsylvania has, of course, an interest in seeing that its Wrongful Death Statute is enforced to the extent that the wrongdoer indemnifies the estate for 1 ‘ funeral expenses, and expenses of administration necessitated by reason of injuries causing death ” (Pa. Stat. Ann., tit. 12, § 1602). And it has an equally apparent interest in establishing the defendant’s liability under its Survival Act, a statute which, as the state’s highest court has observed, ‘ ‘ ‘ finds primary justification in the protection it affords creditors [and] also serves * * * as a means of assuring that the distributable estate shall include some present value in lieu of what the deceased might have been expected to accumulate during a normal lifetime. ’ ’ ’ (Fisher v. Dye, 386 Pa. 141, 146-147.) The vindication of these policies is most appropriate in a case such as the present, where the defendant is a common carrier doing business in Pennsylvania and the accident occurred in the course of that business. Not only is that state the place where Long and G-rieco, the decedents, purchased their round-trip tickets but it is also the place where the flight began and was to terminate. Having solicited interstate passengers in Pennsylvania, the defendant has no cause to complain about being held responsible for the consequences flowing, under *342 Pennsylvania law, from its negligence toward those passengers.
In contrast, Maryland’s sole relationship with the occurrence is the purely adventitious circumstance that the aircraft wreckage fell on Maryland following an explosion while aloft.[3] If, nevertheless, it could he shown that a Maryland policy would be furthered by shielding this defendant from liability, then, perhaps, even though it is only fortuitously the situs of the accident, a stronger showing could be made for application of its law. But there is no contention here that imposing more extensive liability for this accident would lead to a decline in air service to Maryland cities or even of overflights of its territory. (Cf. Tramontana v. S. A. Empresa de Viacao Aerea Rio Grandense, 350 F. 2d 468, 471-472.) Moreover, the restrictive provisions of Maryland’s wrongful death and survival statutes do not change the standard of care the defendant is required to meet and, hence, cannot be founded on a policy of protecting any tort-feasors. Pennsylvania and Maryland differ only in their views as to the class of persons who can sue and the extent to which they have suffered compensable damages as the result of a wrongful death. (Compare Md. Ann. Code, art. 67, § 4, with Pa. Stat. Ann., tit. 12, §§ 1601-1602; compare, also, Tri-State Poultry Co-op. v. Carey, 190 Md. 116, 125, with Pezzulli v. D’Ambrosia, 344 Pa. 643, 646-647.) In the case before us, where Pennsylvania plaintiffs seek to recover from a New York defendant for injuries growing out of the defendant’s Pennsylvania activities, we see no reason why deference should be accorded to Maryland law.
The present case differs from most that reach the courts in that here the forum is, so to speak, a neutral state, disinterested in the possible conflict between the policies which underlie the statutes of Maryland and Pennsylvania. New York, it is true, is the State of the defendant’s incorporation, but that circumstance is insufficient (see Oltarsh v. Aetna Ins. Co., 15 N Y 2d 111, 117, n. 4) to warrant either application of our substantive law or *343 interposition of onr public policy. (See Kilberg v. Northeast Airlines, 9 N Y 2d 34.)
We conclude, therefore, that the plaintiffs are entitled to seek recoveries under Pennsylvania’s Wrongful Death Statute (Pa. Stat. Ann., tit. 12, § 1602) as well as Pennsylvania’s Survival Act (Pa. Stat. Ann., tit. 20, §§ 320.601-320.603)—under the former, for funeral and administrative expenses and, under the latter, for substantial damages representing “ the economic value of the [decedent’s] life as measured by the present worth of likely earnings during the period of life expectancy, the diminution in earning power being total because of the death ’ ’. (Pezzulli v. D’Ambrosia, 344 Pa. 643, 647, supra; see Griffith v. United Air Lines, 416 Pa. 1, 7; Ferne v. Chadderton, 363 Pa. 191, 197-198.)
There was no suggestion in Babcock that its approach and principle were inapplicable to actions for wrongful death and, indeed, in a number of cases in which the question has been considered, the courts — including the Supreme Court of Pennsylvania (Griffith v. United Air Lines, 416 Pa. 1, 7, supra) — have indicated that the law to be applied is the law not necessarily of the place where the fatal accident occurred but rather of the place having the most significant relationship with, and the greatest interest in, the issue presented. (See, e.g., Fornaro v. Jill Bros., 22 A D 2d 695, affd. 15 N Y 2d 819; Tramontana v. S. A. Empresa de Viacao Aerea Rio Grandense, 350 F. 2d 468, 471, supra; Gianni v. Fort Wayne Air Serv., 342 F. 2d 621; Watts v. Pioneer Corn Co., 342 F. 2d 617; Mertens v. Flying Tiger Line, 341 F. 2d 851, 858, cert. den. 382 U. S. 816; Fabricius v. Horgen, 132 N W 2d 410 [Iowa].) It would be highly incongruous and unreal to have the flexible principle of Babcock apply in a case where the victim of the tort is injured but not where he is killed.
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of Special Term denying the motion to dismiss the complaint reinstated.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur.
Order reversed, etc.

. Section 1602 of title 12 of the Pennsylvania Statutes Annotated reads as follows: “ The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; * * * [but] If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death.”

. As a general rule, damages are awarded in Maryland under its Survival Act only for the deceased’s conscious pain and suffering (see Tri-State Poultry Co-op. v. Carey, 190 Md. 116, 125) and for an amount not exceeding $1,000 of his funeral expenses (Md. Ann. Code, art. 93, § 112). Pennsylvania, on the otjier hand, has interpreted its Survival Act as permitting an additional recovery for “ the present worth of a decedent’s likely earnings during the period of hie life expectancy diminished by the probable cost of his own maintenance during the time he would have lived.” (Griffith v. United Air Lines, 416 Pa. 1, 7; see Ferne v. Chadderton, 363 Pa. 191, 197-198; Pezzulli v. D’Ambrosia, 344 Pa. 643, 646-647.)

. The facts of the present ease point up the inappropriateness of the old lex loci delicti rule. Since the wreckage of the airplane fell on Maryland’s soil at a spot but a few miles from the borders of Delaware and Pennsylvania, the explosion and disintegration of the plane could easily have occurred over Delaware or Pennsylvania and the place where the passengers died could have been over either of those states rather than Maryland. On this appeal, however, we assume that Maryland is the place where the accident and the deaths occurred.