Mary Ann **SATCHWILL**, as Administratrix of the Estate of David L. Satchwill, Deceased, Plaintiff,

v.

The **VOLLRATH COMPANY**, a corporation, Defendant.

No. 66-C-55.

United States District Court
E. D. Wisconsin.

Nov. 19, 1968.

Warshafsky, Rotter & Tarnoff, by Ted M. Warshafsky, Milwaukee, Wis., for plaintiff.

Kivett & Kasdorf, by Alan M. Clack, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an action by the administratrix of the estate of David E. Satchwill to recover for the latter's wrongful death. The case is before the court on the plaintiff's motion to have the court apply the Ohio wrongful death statutes to damage issues, and the law of Wisconsin to issues of liability.

For the purpose of this motion the parties have stipulated to the following facts: the decedent, his heirs, and the plaintiff were and are domiciled in Ohio; the defendant is a Wisconsin corporation with its principal and only place of manufacture in Wisconsin; the decedent was temporarily at the defendant's factory in Wisconsin at the time of his death to supervise the installation of and give practical operating instructions concerning a hydroform press, manufactured by the decedent's employer in Ohio; the injury and the resultant death occurred in Wisconsin; the decedent was apparently killed when a brass ring, which had been installed in the hydroform press after its delivery to Wisconsin, broke and struck the decedent; this ring was manufactured in Wisconsin; the sales contract between the defendant and the decedent's employer was made in Wisconsin and was to be performed in Wisconsin; and the employment contract between the decedent and his employer was made in Ohio.

Since jurisdiction is based on diversity of citizenship, this court is bound to apply the law which a Wisconsin court would have applied had this suit been

brought in a state court. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938). This includes the application of Wisconsin conflict of law rules. Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

The traditional Wisconsin choice of law rule with respect to wrongful death actions is that such actions are governed by the law of the jurisdiction where the tort was committed. White v. Minn. St. P. & S. S. M. Ry. Co., 147 Wis. 141, 133 N.W. 148 (1911); Anderson v. Miller Scrap Iron Co., 176 Wis. 521, 187 N.W. 746 (1922).

The Wisconsin supreme court, however, has been a leader in adopting the relatively new "center of gravity" approach to conflict problems. See Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967); Zelinger v. State Sand & Gravel Co., 38 Wis.2d 98, 156 N.W.2d 466 (1968); Conklin v. Horner, 38 Wis.2d 468, 157 N.W.2d 579 (1968); and Urhammer v. Olson, 39 Wis.2d 447, 159 N.W.2d 688 (1968).

While it is true that the "center of gravity" approach has not yet been applied by the Wisconsin court in a wrongful death action, this approach is not without precedent in other jurisdictions. See e. g., Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S. 2d 513, 213 N.E.2d 796 (1965); Fabricius v. Horgen, 257 Iowa 268, 132 N.W.2d 410 (1965).

## DISTRIBUTION TO BENEFICIARIES

Ohio provides that the recovery shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. Page's Ohio Rev.Code Anno. § 2125.02. These beneficiaries are to allocate the money between themselves, and if they are unable to do so, the court will make an equitable distribution. Id. § 2125.03. Wisconsin, on the other hand, provides that the recovery is for the surviving spouse and minor children, if any. Wis.Stat. § 895.-04 (1965). If minor children are present, the court determines their share of recovery.

The policies behind these provisions, however, lead clearly to the conclusion that Ohio is the more concerned state. Since all the heirs of the decedent are Ohio citizens, Ohio has the greater interest in the resolution of this issue. It is of relatively less concern to Wisconsin how any potential recovery is distributed. Ohio law will therefore apply as to distribution to beneficiaries.

## THE LIABILITY LAWS

With respect to the issue of which state's liability rules apply, it is clear that Wisconsin liability rules are applicable. Notwithstanding the fact that the allegedly defective hydroform press was manufactured in Ohio, there is no Ohio defendant being sued, and that state has relatively little right to have its liability rules applied in this case. On the other hand, Wisconsin's contacts with this issue are numerous and qualitatively significant; Wisconsin is the primarily concerned jurisdiction.

## MEASURE OF DAMAGES

The Ohio constitution forecloses limitation on the damages recoverable for wrongful death (Ohio Const. Art. 1, § 19a), while the Wisconsin statute limits recovery to $22,500, plus small additional amounts under specified circumstances. Wis.Stat. § 895.04 (1965). While the Wisconsin legislature has increased those limits to $35,000, effective January 7, 1968, Wis. Session Laws, 1967, c. 267, this increase is inapplicable to the case at bar.

Both Wisconsin and Ohio have formidable contacts with the accident. The defendant is a Wisconsin corporation. The accident and death occurred here while the decedent was temporarily in Wisconsin to supervise the installation of the defendant's new machine. The brass ring which allegedly broke and struck the decedent was manufactured in Wisconsin; and the sales contract between the decedent's employer and the defend-

ant was made in Wisconsin to be performed here. Further, Wisconsin is the forum state. The Ohio contacts are as follows: The decedent, his heirs, and the plaintiff were and are domiciliaries of Ohio; the decedent was employed by an Ohio company; and the hydroform press that the decedent was operating at the time of his death was manufactured in Ohio.

There is also a significant qualitative difference between the policies behind the Ohio and Wisconsin damage provisions. The Wisconsin policy behind limited liability in wrongful death cases is to protect Wisconsin defendants from large awards in death cases. Ohio, on the other hand, constitutionally prohibits wrongful death limitations; the policy behind that type of provision is to allow full recovery, regardless of the possibility of a high verdict. If Ohio law applies, a Wisconsin defendant will be subjected to a potential liability beyond that to which his own legislature has seen fit to subject him. If the Wisconsin provision applies, the Ohio heirs will be held to a recovery below that permitted under their constitution.

From the foregoing, it is obvious that both states have significant contacts with this particular issue, and both states have conflicting policies that they believe will be furthered by the application of their own law. This conflict is to be resolved by use of the analytical approach formulated in Heath v. Zellmer, 35 Wis.2d 578, 595–596, 151 N.W.2d 664, 672 (1967), where the court adopted the following "choice-influencing factors" to aid in the resolution of true conflicts: (1) maintenance of interstate and international order; (2) simplification of the judicial task; (3) predictability of results; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.

A "qualitative analysis" as called for by Heath leads the court to conclude that Wisconsin law should control the damage issue.

Maintenance of interstate order and simplification of the judicial task are not primary factors in the case at bar. In my opinion, the free flow of persons between Ohio and Wisconsin will not be impeded by the application of the Wisconsin damages provision, and Ohio is not so concerned that retaliatory conduct is likely to ensue. Indeed, Ohio courts have expressly recognized that Ohio residents injured outside of Ohio may be subjected to limitation provisions of foreign wrongful death statutes. See Goranson v. Capital Airlines, Inc., 345 F.2d 750 (6th Cir. 1965).

The defendant contends that predictability of results is a relevant factor in wrongful death cases because the defendant has "made decisions as to insurance coverage based on Wisconsin law". It is suggested that the defendant has insured himself against deaths occurring in Wisconsin; however, a Wisconsin resident would hardly be justified in relying upon the Wisconsin statute in purchasing liability insurance since he would have been fully liable had death not ensued.

The first three of the five Heath factors therefore offer little help to the plaintiff in his quest to have the court apply the Ohio law of damages. The court turns then to the last two factors: advancement of the forum's governmental interests, and application of the better rule of law.

In Conklin v. Horner, the court stated at 38 Wis.2d 468, 475, 157 N.W.2d 579, 582:

"Thus, this court is specially charged as an instrument of the Wisconsin government to further the interests of Wisconsin, if to do so furthers the underlying policies of our law. * * * In Wilcox * * * we expressed this duty of the forum court as an instrument of state policy as a presumption, 'that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance'."

Starting with the presumption in favor of the application of the forum state's law, can it be said that Ohio's contacts

are of "greater significance"? The application of the Ohio damage law would require the court to disregard a well established rule of the forum which this court is charged to enforce. While it might be argued that Ohio has an interest in seeing the decedent's beneficiaries adequately compensated, the court cannot be unmindful of the policy underlying Wisconsin's wrongful death limitation. This court cannot, as a matter of "qualitative analysis", conclude that Ohio's interest in compensating its citizens is superior to Wisconsin's interest in protecting its citizens against unlimited damage awards.

In support of its contention that the Ohio damage law should apply, the plaintiff has cited Watts v. Pioneer Corn Co., 342 F.2d 617 (7th Cir. 1965); Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961); Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964); and Fabricius v. Horgen, 257 Iowa 268, 132 N.W.2d 410 (1965). I believe that these cases are distinguishable from the case at bar. In each of these wrongful death cases, the forum was faced with choosing between a no-limitation forum rule and a rule of the place of injury which provided for limited recovery. In each case, the forum chose its own law. Here, the forum is also the place of the accident, and unlike the above-cited cases, the plaintiff is asking the forum to disregard its own rule in favor of a nonforum rule. See also Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965).

The plaintiff urges that Ohio law should be applied because it is the "better law". Notwithstanding this criticism of wrongful death limitations, the court should not ignore Wisconsin's firmly embedded policy. The Wisconsin legislature has stood firm in the face of widespread abolition of such limitations by other states, and although many feel that no limitation is the better law, it is apparent that the Wisconsin legislature does not agree.

In view of the foregoing, IT IS ORDERED that Ohio law controls the issues of distribution among beneficiaries, and that Wisconsin law controls the issues of liability and amount and measure of recovery.