C. Larue **DECKER** and Celia Decker,
Plaintiffs,

v.

**FOX RIVER TRACTOR CO.**, a Wisconsin
corporation, Defendant.

No. 69–C–465.

United States District Court,
E. D. Wisconsin.

April 14, 1971.

See also, 309 F.Supp. 648.

Warshafsky, Rotter & Tarnoff, by Michael Tarnoff, Milwaukee, Wis., for plaintiffs.

Clark, Rankin, Nash, Spindler & Dean, by John P. Nash, Manitowoc, Wis., and John W. Emmerling, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an action for damages for personal injuries allegedly suffered when Mr. Decker came in contact with the moving parts of a forage harvester manufactured by the defendant. Jurisdiction is predicated upon diversity of citizenship.

The complaint alleges that the plaintiffs are residents of Pennsylvania, where they own a farm and where the injuries occurred, and that the harvester was purchased from a Pennsylvania implement dealer. The complaint also alleges that the harvester was manufactured in Wisconsin and sold to the implement dealer for ultimate resale to his customers.

At a pretrial conference in this case, counsel for both sides were directed to submit briefs on the following issues: whether Pennsylvania or Wisconsin negligence law governs the trial of this action and, if Pennsylvania law is to be used, whether the jury shall be informed in advance as to the effect of its findings.

■ The parties concede that, in a diversity action, this court must apply Wisconsin's choice-of-law rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Korth v. Mueller, 310 F.Supp. 878 (W.D. Wis.1970); Satchwill v. Vollrath Co., 293 F.Supp. 533 (E.D.Wis.1968).

■ As noted in the *Satchwill* case, "[the] Wisconsin supreme court * * * has been a leader in adopting the relatively new 'center of gravity' approach to conflict problems." 293 F.Supp. at 535. See Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965). In rejecting the older, and more mechanical, rule of lex loci delicti in tort actions, the Wisconsin court has emphasized a "qualitative" analysis of the significant contacts present in each case; such analysis is to be begun with a "weak presumption" in favor of the lex fori and is to be guided by Professor Robert Leflar's five

"choice-influencing factors." See Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967); Zelinger v. State Sand & Gravel Co., 38 Wis.2d 98, 156 N.W.2d 466 (1968); Conklin v. Horner, 38 Wis. 2d 468, 157 N.W.2d 579 (1968); see also Urhammer v. Olson, 39 Wis.2d 447, 159 N.W.2d 688 (1968); Haines v. Mid-Century Ins. Co., 47 Wis.2d 442, 177 N.W. 2d 328 (1970).

■ A true conflict exists in the case at bar, for the number of contacts with both Pennsylvania and Wisconsin is significant, and both states have disparate laws on the effect of a finding of negligence on the part of a plaintiff. In Pennsylvania, a finding of contributory negligence is a complete bar to any recovery by the plaintiff. Cebulskie v. Lehigh Valley R.R. Co., 441 Pa. 230, 272 A.2d 171 (1971); Crane v. Neal, 389 Pa. 329, 132 A.2d 675 (1957); Wilson v. American Chain & Cable Co., 364 F.2d 558 (3d Cir. 1966). Wisconsin, on the other hand, has a comparative negligence statute under which the plaintiff's own negligence will be a bar to his recovery only if it is as great, or greater, than the negligence of the defendant. Section 895.045, Wis.Stats. (1967).

■ Furthermore, Wisconsin has effectively abolished assumption of risk as a specific defense, thus melding the doctrines of assumption of risk and contributory negligence. McConville v. State Farm Mut. Auto. Ins. Co., 15 Wis.2d 374, 113 N.W.2d 14 (1962); Colson v. Rule, 15 Wis.2d 387, 113 N.W.2d 21 (1962); Gilson v. Drees Bros., 19 Wis.2d 252, 120 N.W.2d 63 (1963).

It is not appropriate to decide which state's negligence law shall apply in the case at bar simply by counting the number of contacts. Instead, it is necessary to resolve the issue of choice of law by resort to the "choice-influencing factors" as discussed in Wisconsin in Heath v. Zellmer, supra.

The five factors are: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) ad-

vancement of the forum's governmental interests; and (5) application of the better rule of law.

Both parties agree that the first two factors are not significant in deciding whether Wisconsin's or Pennsylvania's negligence law shall apply. Furthermore, the third factor, simplification of the judicial task, also is not decisive, for this court's greater familiarity with Wisconsin's comparative negligence law is balanced by the arguably easier applicability of a rule of law in which a plaintiff's negligence acts as a bar to recovery and in which the need for special verdicts presumably is negated. See Heath v. Zellmer, 35 Wis.2d 578, 600, 151 N.W.2d 664 (1967). The final two factors thus are the most relevant ones.

It is not necessary to marshal the various arguments for and against a comparative negligence law of the type which is found in Wisconsin. Wisconsin's statute has remained virtually unchanged for 40 years and represents a legislative decision that a plaintiff's own negligence need not act as a complete bar to recovery of damages from a negligent tortfeasor. In fact, it appears that efforts at change in the Wisconsin law are directed more toward adoption of a "pure" form of comparative negligence law than to its abolition and a return to the kind of rule now found in Pennsylvania. See Vincent v. Pabst Brewing Co., 47 Wis.2d 120, 177 N.W.2d 513 (1970). In my opinion, this forum's governmental interests would be damaged by the adoption of a rule under which no apportionment of fault is possible. Cf. Frummer v. Hilton Hotels International, Inc., 60 Misc.2d 840, 304 N.Y.S.2d 335 (Sup.Ct.1969).

The fifth factor ("the better rule of law") presents a somewhat different problem from that which arises in considering which choice best advances the forum's governmental interests. It is perhaps too easy to let the "better rule of law" factor dominate the other four and be solely determinative of the choice of law. See Conklin v. Horner, 38 Wis.2d 468, 490, 157 N.W.2d 579 (1968) (dissenting opinion). Notwithstanding this admonition, I am of the opinion that Wisconsin's law of comparative negligence should be used in the case at bar.

The defendant argues that Pennsylvania's law is the "better rule," at least insofar as the plaintiffs' conduct is concerned, and premises its argument on the fact that only ten states have enacted some form of comparative negligence law. See Annot., 32 A.L.R.3d 463, 473 n. 6 (1970). However, the fact that most states do not have comparative negligence statutes is not persuasive, nor is Wisconsin's law "obsolete or senseless." Clark v. Clark, 107 N.H. 351, 222 A.2d 205, 209 (1966). Contributory negligence has been described as a "discredited doctrine which automatically destroys all claims of injured persons who have contributed to their injuries in any degree, however slight." Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed.2d 143 (1953).

While the doctrine of contributory negligence has its adherents, I hold that the Wisconsin law is the "better rule." In Frummer v. Hilton Hotels International, Inc., 60 Misc.2d 840, 304 N.Y.S.2d 335 (Sup.Ct.1969), a case in which a New York court held that England's law of comparative negligence was preferable to its own of contributory negligence, the court stated at page 342:

"England's rejection of the all or nothing approach of the common law rule reflects a view that a person who is principally responsible for injuries to another should not escape liability completely because the injured party was also in part at fault. The argument that the common-law rule deters carelessness on the part of the plaintiff is rejected as being highly unrealistic. If fear for one's own life or health will not induce a decent regard for one's own safety, then the prospect of not recovering damages surely will not. If, indeed, the regulation of conduct is one of the functions of the contributory negligence rule—and this is extremely doubtful —then the common-law rule ran the

wrong way. There is more psychological reality to the proposition that the threat of liability may influence persons to consider possible risks to others before embarking on a dangerous course of conduct. In any event, the common-law rule gave too much weight to deterring carelessness on the part of a plaintiff while removing all incentive to care on the part of a defendant. England's rule achieves a better balance. There is no doubt that the principal motive for change in the law of England is the harsh lack of proportion and the immorality in a rule which denies an injured person all compensation although his responsibility for the accident and for the resulting injuries may be minor."

See also Clough v. Liberty Mut. Ins. Co., 282 F.Supp. 553 (E.D.Wis.1968).

In view of the foregoing, it is my conclusion that the negligence law of Wisconsin shall be applied at the trial of this action, and it is not necessary to consider the issue of whether the jury shall be told the effect of its findings.

It is so ordered.