Mary GEISEL, Administratrix of the Estate of Cathleen Geisel, Deceased, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation et al., Defendants.

No. 70–C–24.

United States District Court, E. D. Wisconsin.

June 8, 1971.

Gaines & Saichek by Irving Gaines, Milwaukee, Wis., for plaintiff.

Kivett & Kasdorf by Harold A. Dall, Richard F. Yanisch, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In her amended complaint, the plaintiff seeks damages resulting from the death of Cathleen Geisel in an automobile collision between vehicles operated by the defendants Uebelherr and Wilkowski. The plaintiff, Mary Geisel, was appointed administratrix of the estate of Cathleen Geisel by a probate court in Ohio.

The deceased, Cathleen Geisel, was 18 years of age at the time of her death and a student at Marquette University in Milwaukee. She is survived by her parents, who reside in Ohio. It is alleged that prior to her death, the deceased maintained her residence in Ohio. The accident occurred in Wisconsin on February 11, 1968.

The defendants, Uebelherr and Liberty Mutual Insurance Company, have moved the court for an order declaring that the measure of damages in this case is governed by Wisconsin law rather than by Ohio law. § 895.04 Wis.Stats. imposes monetary limits as to the damages recoverable for wrongful death. There is no comparable restriction under Ohio law.

In my opinion, it is clear that the quantum of damages in this case is to be governed by Wisconsin law. I previously reviewed a related issue in Satchwill v. Vollrath Co., 293 F.Supp. 533 (E.D.Wis.1968). The factors in the case at bar strongly demonstrate the propriety of this court's utilizing Wisconsin's statutory law as to damages.

Although the plaintiff contends that the Wisconsin statutory limitations upon damages in wrongful death cases are unconstitutional, I find no merit in this contention. In addition, the court is urged to authorize that the instant ruling be certified to the court of appeals under § 28 U.S.C. 1292(b). In my opinion, an interlocutory appeal should not be granted in this case.

Now, therefore, *IT IS ORDERED* that upon the motion of the defendants Uebelherr and Liberty Mutual Insurance Company it is declared that § 895.04 Wis.Stats. controls the question of damages in this case, and *IT IS ALSO ORDERED* that the application for a certification under 28 U.S.C.A. 1292(b) be and hereby is denied.