Elaine **ROSENTHAL**, as Executrix of the Estate of Martin C. Rosenthal, Deceased, Plaintiff,

v.

Kenneth W. **WARREN** and New England Baptist Hospital, Defendants.

No. 71–Civ. 697.

United States District Court,
S. D. New York.
March 22, 1972.

Kriendler & Kriendler, New York City, for plaintiff; Gerald A. Robbie, Melvin I. Friedman, Alan J. Konigsberg, New York City, of counsel.

Tell, Cheser, Werner & Breitbart, New York City for defendant Kenneth W. Warren; Solomon M. Cheser, New York City, of counsel.

Fogarty, Nielsen, McLaughlin & Semel, New York City, for defendant New England Baptist Hospital; Douglas A. Boeckmann, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

This is a wrongful death action brought by the widow and Executrix of the Estate of Dr. Martin C. Rosenthal for the alleged negligence and malpractice of defendants with respect to Dr. Rosenthal, now deceased. The action is maintained in this court under diversity jurisdiction 28 U.S.C. § 1332.

By this motion plaintiff seeks to strike the affirmative defenses of the defendants based on the Massachusetts Death Statute limiting recoverable damages and/or granting partial summary judgment striking the aforesaid affirmative defenses.

The facts pertinent to this motion are undisputed. The action stems from an operation performed by Dr. Warren upon Dr. Rosenthal in the New England Baptist Hospital (Hospital) in Boston, Massachusetts. Following an examination and diagnosis by Dr. Warren, Dr. Rosenthal was admitted to the Hospital on March 16, 1969. On March 19, 1969 Dr. Warren performed an operation upon Dr. Rosenthal, and on March 27, 1969, while still in the Hospital, Dr. Rosenthal died.

■ This Federal court sitting in New York determines this motion concerning a diversity action by applying the choice-of-law rules of the forum state. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477 (1941); Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Patch v. Stanley Works, 448 F.2d 483, 487 (2d Cir. 1971). Pearson v. North East Airlines, 199 F.Supp. 539, 540 (S.D.N.Y.1961).

New York has abandoned the strict choice of *lex loci delicti* as the test of which state law to apply in tort cases. Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). Though New York has not been entirely consistent in applying subsequent standards, Miller v. Miller, 22 N.Y.2d 12, 15, 290 N.Y.S.2d 734, 738, 237 N.E.2d 877, 879 (1968). The court has indicated that its determination involves consideration of the significant interests which each state may have in the particular issue in question. Tooker v. Lopez, 24 N. Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969), Babcock v. Jackson, 12 N.Y. 2d at 481, 484, 191 N.E.2d at 284, 240 N.Y.S.2d at 751 (1963).

By using the significant interests standard, on the issue of whether or not liability exists for an alleged tort, New York has applied the law of the state

wherein the alleged tortious conduct occurred. Babcock v. Jackson, 12 N.Y.2d at 483, 240 N.Y.S.2d at 750–751, 191 N.E.2d at 284. The court has reasoned that "it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place." *Id.* see Kilberg v. North East Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961); see also Heaney v. Purdy, 29 N.Y.2d 157, 159, 324 N.Y.S.2d 47, 48, 272 N.E.2d 550 (1971).

■ In contrast to the foregoing, the present motion concerns itself with the extent of liability; that is, with the propriety of applying that part of the Massachusetts Death Statute which would limit recovery to " . . . not less than five thousand nor more than fifty thousand dollars, to be assessed with reference to the degree of his culpability . . . " Mass.Gen.L.Ch. 229, § 2, or applying New York law which places no fixed limit on recovery N.Y.Estates, Powers & Trusts L., McKinney's Consol.Laws, c. 17–b, 5–4.3; N.Y.Constitution Article I, § 16. The courts have had occasion to discuss the issue that now confronts this court. Gore v. Northeast Airlines, Inc., 373 F.2d 717 (2d Cir. 1967); Pearson v. Northeast Airlines, Inc., 309 F.2d 553 (2d Cir.) *(en banc)*, cert. denied, 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1962); Tooker v. Lopez, *supra*; Miller v. Miller, 22 N.Y.2d 12, 290 N.Y.S.2d 734, 237 N.E.2d 877 (1968); Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965); Babcock v. Jackson, *supra*; Kilberg v. Northeast Airlines, *supra*.

In not one of the above-cited cases, nor in any case not cited above but mentioned by the parties, has the New York Court of Appeals applied a statute which would impose a limitation on recovery in an action by a New York plaintiff for the death of a New York decedent.

At the time of Dr. Rosenthal's death, plaintiff, the decedent and their children were domiciliaries of New York. Plaintiff and her children are still domiciled in New York. The estate is being administered in New York. The action against the Hospital was brought in the Supreme Court of the State of New York and removed to this forum on grounds of diversity of citizenship. Plaintiff obtained *quasi in rem* jurisdiction over Dr. Warren by attaching the obligation of his liability insurance policy to defend and indemnify, held by an insurance company with offices in New York. *See* Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966).

The fact that Massachusetts is the state in which the alleged wrongdoing occurred, where the alleged tortfeasor resides, and where the defendant hospital is located, is not without significance in the present determination. Yet, these factors must be placed in their proper perspective. Neither the Hospital nor the defendant doctor are strictly local entities. The defendant Hospital encouraged and solicited business out of state, including the solicitation of New York residents. According to the 1969 annual report of the Hospital, about one-third of the patients were out of state, and approximately eight per cent were from New York.* The aforesaid report denotes Dr. Warren as a member of two of the hospital committees, a member of the corporation, and on the Board of Trustees. It is asserted without contradiction that Dr. Warren, currently Surgeon-in-Chief of the Hospital, is a well-known physician and surgeon treating many patients who originate from places beyond the borders of Massachusetts.

New York has expressed its concern as to the limitation of recovery for the death of a New Yorker. Article I, Sec-

---

* Plaintiff's Exhibits B & C.

tion 16 of the New York Constitution provides in pertinent part:

The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation.

The New York interest "is vitally concerned with the manner in which the wife and children of a New York decedent will be compensated as a result of the wrongful killing of their 'bread winner.'" Miller v. Miller, 22 N.Y.2d at 18, 290 N.Y.S.2d at 739, 237 N.E.2d at 880 (1968). New York recognizes that the financial burden of the New York dependent beneficiaries might ultimately have to be borne by the State of New York. Miller v. Miller, *supra*. Thomas v. United Airlines, Inc., 24 N. Y.2d 714, 301 N.Y.S.2d 973, 249 N.E.2d 755, cert. denied, 396 U.S. 991, 90 S.Ct. 484, 24 L.Ed.2d 453 (1969); Long v. Pan American World Airways, Inc., *supra*; MacKendrick v. Newport News Shipbuilding and Dry Dock Co., 59 Misc.2d 994, 302 N.Y.S.2d 124 (Sup.Ct. N.Y.Cty. 1969).

We are thus faced with a matter in which defendants, physically located in Massachusetts, encourage the use of their services and facilities on a nationwide basis. The decedent was and his family are residents and domiciliaries of New York. The decedent availed himself of the special services of the defendants on one occasion, and this allegedly resulted in his untimely death. The dependent beneficiaries, still residents and domiciliaries of New York, seek protection of their own state law, while the defendants seek protection of their own state law. This court must decide which law would be applied by the state court of the dependent beneficiaries.

The defendants assert that unlike the facts in previous New York court holdings, the location of the alleged wrongdoing is not fortuitous: the decedent intended to be in Massachusetts. Massachusetts, it is contended, has an interest in keeping Professional Liability policy premiums as low as possible for its residents, and Massachusetts has a proper legislative concern for the extent of the recovery awarded against defendants who are residents of that state.

It is obvious that the location of the alleged wrongdoing was not entirely fortuitous, but it is not so clear as to whether the deceased anticipated or even considered, let alone intended, the laws of a state other than his own, to restrict the award which his dependent beneficiaries may receive as a result of a wrongful death action arising from this particular operation. The only intent that is apparent at this juncture of the proceedings is the intent of the defendants to encourage use of their facilities and services, as well as contributions, from persons residing in states other than Massachusetts. The interest that Massachusetts has in keeping insurance premiums as low as possible for its residents is relevant to the present motion but, as with the argument that Massachusetts has an interest in the extent of recovery against defendants who are residents of that state, the assertion is better made in connection with a case dealing with a purely local business concern.

The defendants call the attention of the court to Ciprari v. Services Aereos Cruzeiro, 245 F.Supp. 819 (S.D.N.Y.), aff'd 359 F.2d 855 (2d Cir. 1965). In *Ciprari, supra*, a New York resident and citizen brought a diversity action against a local Brazilian airline for personal injuries suffered during an intra-country flight in Brazil. The court held that the Brazilian statute limiting liability applied. The court found that the airline was thoroughly a Brazilian corporation. Its activities in New York did not relate to the solicitation or even the encouragement of passenger business. The defendant did not deal with the public in New York. The court further noted that as the Workmen's Compensation Law of New York was applied in that action, there was "no likelihood of [the plaintiff] becoming a public charge to

affect the policy of this State." 245 F. Supp. at 824. The only interest that New York had was the fact that the plaintiff was a resident. The court found that Brazil with an interest that touched upon national policy as well as national security had "the strongest interest in the resolution of the particular issue presented." Babcock v. Jackson, *supra,* at 484, 240 N.Y.S.2d 743, at 752, 191 N.E.2d 279 at 285, cited in *Ciprari,* 245 F.Supp. at 825.

In contrast to *Ciprari, supra,* it is apparent that the defendants here actively served persons outside of their home state when it was to their advantage. Furthermore, Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965), relied upon by *Ciprari* as the current New York law, is questionable in light of Macey v. Rozbicki, 18 N.Y.2d 289, 274 N.Y.S.2d 591, 221 N.E.2d 380 (1966), and Tooker v. Lopez, *supra.*

Defendants have demonstrated that Massachusetts has an interest in the particular issue before this court, but it cannot be said that the New York courts would find the interests of Massachusetts superior to that of its own interests. Therefore, if this court were to find for the plaintiff, the defendants would not be unlawfully deprived protection of their own laws; nor would there be a "denial to defendant[s] of due process and equal protection, which would do violence to the traditional and fundamental concepts of justice." MacKendrick v. Newport News Shipbuilding and Dry Dock Co., 59 Misc.2d 994, 302 N.Y.S.2d 124 (Sup.Ct.N.Y.Cty. 1969).

In light of the foregoing decided cases it seems reasonably clear that in the present action New York would not apply the Massachusetts statute as to the limitation of recovery.

As matters outside the pleadings, in the form of affidavits and exhibits, have been submitted by the parties and examined by the court the motion is considered as one pursuant to Fed.R.Civ.P. 56 for partial summary judgment.

Accordingly, partial summary judgment in favor of plaintiff striking the affirmative defenses of defendants based on the Massachusetts Death Statute limiting recoverable damages is granted.

So ordered.