Gordon James SNOW et al., Plaintiffs,

v.

CONTINENTAL PRODUCTS CORPORA-
TION, Defendant and Third-Party
Plaintiff.

FMC CORPORATION, Defendant,

v.

BRYANT–POFF, INC., Third-Party
Defendant.

No. 68–C–4.

United States District Court,
E. D. Wisconsin.

Nov. 3, 1972.

Habush, Gillick, Habush, Davis &
Murphy, by Robert L. Habush and How-
ard A. Davis, Milwaukee, Wis., for
plaintiffs.

Kluwin, Dumphy, Hankin & Hayes, by
John A. Kluwin, Milwaukee, Wis., for
Bryant-Poff.

Borgelt, Powell, Peterson & Frauen,
by Edmund W. Powell, Milwaukee, Wis.,
for Continental Products.

Kivett & Kasdorf, by Harold A. Dall
and James Gass, Milwaukee, Wis., for
FMC.

Darryl K. Nevers, Milwaukee, Wis.,
guardian ad litem.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this diversity action allege that on January 21, 1966, the bearing holding an auger and mix unit of a Roller-Mixer failed and caused a dust explosion which fatally injured the plaintiffs' decedents. The mixer was assembled in Wisconsin and shipped to Utah by the defendant Continental Products. The negotiations for the sale of the mixer were made in Wisconsin. The explosion occurred in Utah.

■ The plaintiffs have moved for leave to amend the amended complaint to substitute as party plaintiff the administrator of the estate of Alma McMillan in lieu of Vaiola Jane McMillan and Judy Diane McMillan, minors, by their guardian ad litem, for the benefit of all the heirs of Alma McMillan. The laws of Utah create a cause of action for wrongful death which may be brought either by all the heirs of the decedent or by the personal representative on behalf of all the heirs of the decedent. 78 Utah Stats. § 11–7. Subsequent to the filing of the complaint, the named plaintiffs discovered that the decedent Alma McMillan had two children by a prior marriage. The plaintiffs also seek a determination that the amendment, if granted, relates back to the date of the filing of the original complaint. The defendants do not oppose either motion.

Rule 15, Federal Rules of Civil Procedure, provides that leave to amend a pleading should be freely given when justice so requires and that the amendment relates back to the original pleading whenever the claim asserted in the amended pleading arose out of the transaction asserted in the original pleading. Accordingly, the plaintiffs' motion to amend the complaint will be granted, and the amendment shall relate back to the date of the filing of the original complaint.

The plaintiffs have further moved for a determination that Utah's wrongful death statute (78 Utah Stats. § 11–7) with unlimited damages should be applied; the defendants contend that Wisconsin law is applicable. Wis.Stats. § 895.04 (1965) authorized recovery for a wrongful death not to exceed $22,500 base limit for pecuniary injury but which was capable of being increased by $2,000 per child to a maximum total increase of $10,000, with an additional $3,000 maximum for loss of society and companionship, and funeral expenses not to exceed $1,000.

■ This is a diversity action, and the court must apply Wisconsin's choice-of-laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1447 (1941); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Decker v. Fox River Tractor Co., 324 F.Supp. 1089 (E.D.Wis.1971). In the past, Wisconsin's choice-of-law rule with respect to wrongful death actions was that such actions are governed by the law of the jurisdiction where the tort was committed. Anderson v. Miller Scrap Iron Co., 176 Wis. 521, 182 N.W. 852, 187 N.W. 746 (1922); White v. Minn. St. P. & S. S. M. Ry. Co., 147 Wis. 141, 133 N.W. 148 (1911). However, the Wisconsin supreme court in recent years has adopted the "center of gravity" approach to conflicts problems. See Urhammer v. Olson, 39 Wis.2d 447, 159 N.W.2d 688 (1968); Conklin v. Horner, 38 Wis.2d 468, 157 N.W.2d 579 (1968); Zelinger v. State Sand & Gravel, 38 Wis.2d 98, 156 N.W.2d 466 (1968); Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965). The "center of gravity" approach to wrongful death actions has been employed in several jurisdictions. See e. g. Long v. Pan American Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965); Fabricius v. Horgen, 257 Iowa 268, 132 N.W.2d 410 (1965).

It is clear that a "true conflict" exists in this case for both Wisconsin and Utah have significant contacts with the accident. The decedents and at least some of their heirs were or are domiciled in Utah, and the explosion occurred

in Utah at the decedents' ordinary place of business. Wisconsin, as the forum state, is the place where the purchase of the mixer was negotiated, and the state where the mixer was allegedly improperly manufactured.

█ This conflict must be resolved by use of the analytic approach set forth in Heath v. Zellmer, *supra*, where the court adopted the following "choice-influencing factors" to aid in the resolution of true conflicts: (1) maintenance of interstate and international order; (2) simplification of the judicial task; (3) predictability of results; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law.

The first three of the *Heath* factors offer little aid to the plaintiffs who seek application of Utah law. In my opinion, neither state has a sufficient interest which would impede the free flow of persons between the two states; the court is able to perform the judicial task regardless of the choice of law; and the predictability of results are identical, for the defendants, if determined to be negligent, are liable for the injuries caused by their negligence in both states.

█ The last two factors pose competing influences. In my opinion, the adoption of a rule of unlimited liability would damage this forum's governmental interests for the Wisconsin courts and legislature refused to abolish limitations of damages for wrongful deaths until 1971, some five years after the accident in this action. On the other hand, it is arguable that the application of the better rule of law should induce this court to apply the law of Utah; this argument notes that in repealing the damage limitations for wrongful deaths, the Wisconsin legislature has recognized that this state has a compelling interest in permitting tort victims to receive more adequate damages. Notwithstanding the cogency of the latter argument, I conclude that the forum's interest is sufficiently great to justify the application of Wisconsin law.