*699 OPINION OF THE COURT

Per Curiam.

The order should be affirmed, with costs.
In this action, based on strict products liability, for personal injuries resulting from the crash of a rented private airplane, the issue is whether, as the parties had assumed throughout the trial, contributory negligence is a bar to recovery. Under the then applicable New York law, contributory negligence would be a bar; under the law of New Jersey and Pennsylvania, it evidently would not be.
Plaintiff, a resident of New York, arranged in New York to rent an airplane from defendant Instrument Flyers, Inc., a closely held New Jersey corporation, whose president lives and works in New York. The plane, which had been manufactured in Florida by defendant Piper Aircraft, a Pennsylvania corporation, was kept in a hangar and maintained at Teterboro Airport in New Jersey. On the day of the accident, plaintiff flew the plane from nearby Teterboro Airport to New York, where he made a stop at Flushing Airport, and then another at Westchester County Airport, where he picked up a passenger for the trip to Michigan. A stopover was scheduled in Ohio. Plaintiff’s apparent contributory negligence probably began while he was in New York and continued until the crash in Pennsylvania.
Isolation and analysis of the factors connecting the accident and its causes with the various States does not resolve the choice of law problem. It is true that lex loci delicti remains the general rule in tort cases to be displaced only in extraordinary circumstances (see Neumeier v Kuehner, 31 NY2d 121, 128-129 [Fuld, Ch. J.], 131 [Breitel, J., concurring]). But it has been acknowledged that in airplane crash cases, the place of the wrong, if it can even be ascertained, is most often fortuitous (Long v Pan Amer. World Airways, 16 NY2d 337, 342, esp n 3; see Ehrenzweig, Conflict of Laws, p 586; Tydings, Air Crash Litigation: A Judicial Problem and a Congressional Solution, 18 Amer U L Rev 299, 300).
Although the entire area of the applicable law in airplane accident litigation is still fraught with difficulties, it has been suggested by some that in strict products liability cases, plaintiffs should be permitted to choose the most favorable applicable law, within narrowly defined limits (see, e.g., Reese, Products Liability and Choice of Law: The United States *700 Proposals to the Hague Conference, 25 Vand L Rev 29, 30-38; Kuhne, Choice of Law in Products Liability, 60 Cal L Rev 1, 27-32). Such a rule, although facile of application, appears incongruous. But even were it to be applied, plaintiff is not entitled to a new trial.
Plaintiff chose to sue in New York, and the parties and the court proceeded, reasonably, in view of the many relevant factors, assuming that New York law would apply on the now disputed issue. Only after all the proof had been received and just before the jury was to be charged did plaintiff’s highly experienced counsel suggest application of Pennsylvania law. Plaintiff had already chosen his strategy, based on New York law, and it was late to change it after the unfavorable testimony had unfolded. (But cf. James v Powell, 19 NY2d 249, 259.) Hence, it was not error for the Trial Justice to apply New York law, not only the law of the forum, but the law applicable to significant events in this multi-State trip by air, in the absence of compelling reason to apply belatedly another law, whether on the doctrine of lex loci delicti or otherwise.
Plaintiff’s other contentions, asserting a right to recover even under New York law, are treated in the opinion of Mr. Justice Herbert B. Evans at the Appellate Division.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in Per Curiam opinion; Judge Fuchsberg taking no part.
Order affirmed.