**76**

Mary **NIELSON**, as legal representative
of the Estate of Walter Nielson,
deceased, et al., Plaintiffs,

v.

**AVCO CORPORATION**, Defendant.

No. 71 Civ. 2689.

United States District Court,
S. D. New York.

Dec. 21, 1971.

Emile Z. Berman and A. Harold Frost, New York City, for plaintiffs by Morton H. Feder, New York City, of counsel.

Mendes & Mount, New York City, for defendant by James M. FitzSimons, New York City, of counsel.

GURFEIN, District Judge.

This is an action to recover for wrongful death, personal injuries, and property damage. Mary Nielson, the plaintiff making the wrongful death claim, is a citizen of British Columbia, Canada, as was her decedent, Walter Nielson. Mervin Hayward, the plaintiff presenting the personal injury claim is also a citizen of the same Province. WCR Holdings, Ltd. (WCR), the plaintiff making the property damage claim, is incorporated under the laws of the same Province, British Columbia, Canada. Avco Corporation is a Delaware corporation, with its principal place of business in Connecticut. It also has an engine manufacturing facility in Pennsylvania where the engine installed in the aircraft involved in this lawsuit was manufactured, and sold according to the defendant in April 1963.

On June 23, 1969, while on the return leg of a round trip flight from British Columbia to Alberta the aircraft crashed near Banff, Alberta. At this point in time, WCR owned the aircraft, Walter Nielson was piloting it, and Mervin Hayward was a passenger. There was allegedly an in-flight failure of an external oil line resulting in the crash. It is alleged that Walter Nielson was fatally injured, Mervin Hayward sustained injuries, and the aircraft was destroyed.

On January 19, 1970, the plaintiffs commenced an action in the State of Washington to recover for the same damages sought herein. On January 11, 1971, that action was dismissed because Avco was not subject to the jurisdiction of that Court.

On June 17, 1971, the plaintiffs commenced this action, alleging negligence and breach of warranty. Avco, in its answer, alleged certain affirmative defenses. The plaintiffs then brought this motion to strike the third affirmative defense, which pleads the statute of limitations as to both the wrongful death and the warranty actions; and the fifth affirmative defense, which alleges the incapacity of the representative plaintiff, Mary A. Nielson, to bring the wrongful death action. Avco has cross-moved for an order dismissing the wrongful death action on the ground that it is barred by the statute of limitations. It has not moved to dismiss the warranty action.

Jurisdiction is based on diversity of citizenship. The federal courts, under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), must look to the conflict of laws rules of New York to determine the appropriate statute of limitations. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 287, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Where the cause of action accrued without the state and the issue is the applicable statute of limitations, the federal courts will apply the borrowing statute of New York. That borrowing statute, CPLR § 202 (McKinney 1963), reads:

"An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resi-

dent of the state the time limited by the laws of the state shall apply."

Since the plaintiffs are not residents of New York, the action cannot be commenced after the expiration of the shorter period of that stated by the laws of New York and that of "the place without the state where the cause of action accrued."

Two aspects of the complaint are involved in these motions concerning the defense of the statute of limitations. The first is the claim seeking damages for wrongful death. The second is the claim based on the theory of breach of warranty.[1] The questions posed are, therefore, where the cause of action based upon wrongful death "accrued" and where the cause of action based on breach of warranty "accrued."

■ I will treat the claim for breach of warranty first.

With respect to the claims founded on breach of warranty, the New York Court of Appeals, in spite of a powerful dissent by Judge Breitel, has held (4 to 3) that such an action is one for breach of the implied warranty of fitness for a particular use; and that within CPLR § 213(2) the action must be brought within six years from the date of sale, even if the injury had not itself occurred until after the statute, so construed, had run. Mendel v. Pittsburgh Plate Glass Co., 25 N.Y.2d 340, 305 N.Y.S.2d 490, 253 N.E.2d 207 (1969).[2] The theory that the action sounds in tort as a strict liability was rejected. However, there is no proof before me of what the Alberta, the British Columbia or the Pennsylvania law would be. Because of the borrowing statute, one cannot say whether a New York court would find such an action barred without referring to these laws. If the cause "accrued" in Pennsylvania, within the meaning of the borrowing

statute, we have been cited to no Pennsylvania statute or rule which is pertinent. That is also essentially true of the substantive laws of British Columbia and Alberta, as well as of their tolling provisions, as affected by absence of a defendant. Moreover, a simple citation to the statute of limitations of these jurisdictions would not suffice, since the whole law, i. e., statutes, rules and decisions, must be considered. Austrian v. Williams, 198 F.2d 697 (2 Cir.), cert. denied, 344 U.S. 909, 73 S.Ct. 328, 97 L.Ed. 701 (1952). And Mendel shows that in New York the interpretation to be given the statute may not be self-evident.

In view of this lack of information about the possibly relevant statutes on the breach of warranty claim, we need not consider now what the New York courts might do in determining what statute of limitations governs such an action. Cf. George v. Douglas Aircraft Co., 332 F.2d 73 (2 Cir. 1964). In that case, the Court was uncertain of what the New York courts would rule about the statute of limitations applicable, and returned a Scotch verdict by means of an alternative holding. As Judge Kaufman noted in a later case: "It is interesting that Judge Friendly went on in George to consider the implications of applying Florida law, for the panel was not completely convinced that the New York courts would apply California law." Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1156 n. 4 (2 Cir. 1968).

Neither George nor Strauss dealt with a wrongful death action based upon negligence. And while Judge Friendly's approach to guessing at what the New York courts might do may be suggestive of the methodology of prophecy to be used, the George case did not, in my view, declare a binding precedent in New York law, more particularly in death ac-

---

1. The claims of Hayward and WCR will be dealt with later in the opinion. The present discussion relates to the claim of Nielson.

2. CPLR § 213 reads in part: "The following actions must be commenced within six years: . . . 2. an action upon a contractual obligation or liability express or implied; . . . ."

tions based on negligence, which would compel obedience by a District Court.[3]

██ Regarding the wrongful death action, our choice of law would be among four possible jurisdictions. Under the laws of Alberta, actions for wrongful death must be brought within two years following death (Atla.Laws of 1966, c. 49, § 4), just as in New York (N.Y. Decedent Estate Law § 130 (McKinney's Consol.Laws c. 13, 1949)).[4] Such an action is barred under British Columbia law one year after death (Families Compensation Act, B.C.Rev.Stat. c. 138, § 7, at 1370 (1960)), as it also is in Pennsylvania (Penn.Stat.Ann. tit. 12, § 1603 (1953)).

There is no definitive judgment by the New York courts that tells us how they would determine where a cause of action for negligence or for wrongful death in an out-of-state airplane accident "accrued" under the borrowing statute. The New York Court of Appeals boldly overturned the simple rule of *lex loci delicti* as the determining factor in *all* problems of tort liability in the landmark case of Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). Judge Fuld was there unhampered in his judicial creativity by any statute. His "choice of law" involved the traditional common law function of judges, although it was exercised in an unconventional way. At the time, Judge Fuld candidly stated that "[t]he traditional choice of law rule, embodied in the original Restatement of Conflict of Laws (§ 384), and until recently unquestionably followed in this court [citing cases] has been that the substantive rights and

liabilities arising out of a tortious occurrence are determinable by the law of the place of the tort" (12 N.Y.2d at 477, 240 N.Y.S.2d at 746, 191 N.E.2d at 80). The question there presented involved a statute of Ontario which barred an action by a guest, based on an automobile accident, against the owner or driver. Although the accident had occurred in Ontario, the plaintiff and defendant were both New York residents on a pleasure trip in Canada. The Court held that New York had a "strong interest" in the matter and that New York law, which did not preclude bringing such an action, would be selected as the law to apply. It may be noted that the facts did not involve the question of where the cause of action "arose" or "accrued." The cause of action could not have "arisen" or have "accrued" in New York, except in the sense that every obligation enforced in a New York court is a New York obligation; yet New York law was applied. The issue instead went to the remedy available with respect to an accident that had occurred in Ontario. While the New York law on liability to "guests" was applied, the territorial concept was not obliterated. Rather, a choice was given to the New York courts to determine, under several modern conflicts theories and unhampered by strictly territorial notions, which law governed tort actions with multi-state contacts.[5] The Court of Appeals has since applied this method to out-of-state torts which brought into issue foreign "guest statutes," Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965) (4 to 3) (contrast with *Tooker, infra*); Macey v. Rozbicki, 18 N.Y.2d 289, 274

3. While the matter is not free from doubt, I assume that a prophecy of New York law by the Court of Appeals is binding on the District Courts of the Circuit. See 1A Moore's Federal Practice ¶ 0.309 [2], at 3330 & n. 14, and supplement p. 101; Associated Indemnity Corp. v. Garrow Co., 39 F.Supp. 100 (S.D.N.Y., Clark, J., 1947), aff'd, 125 F.2d 462 (2 Cir. 1942). But cf. Peterson v. U-Haul Co., 409 F.2d 1174, 1177 (8 Cir. 1969) where

Judge Gibson said: "Federal court decisions in diversity cases have no precedential value as state law and can only determine the issues between the parties."

4. It is conceded by the defendant that this action is not time-barred if a two-year statute applies.

5. See generally Restatement (Second) of Conflict of Laws § 145 (1971).

N.Y.S.2d 591, 221 N.E.2d 380 (1966) (6 to 1); Tooker v. Lopez, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969) (4 to 3); and foreign rules of owner's liability for driver's negligence, Farber v. Smolack, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36 (1967) (6 to 1).

In several airplane cases, it has extended this approach to cases involving wrongful death statutes as well. In Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), where the accident occurred in Massachusetts but the plaintiff's intestate was a New York resident and had bought his ticket in New York, the Court said that the Massachusetts death statute applied, explaining that "wrongful death actions . . . derive from statutes only and that the statute which governs such an action is that of the place of the wrong" (9 N.Y.2d at 38, 211 N. Y.S.2d at 135, 172 N.E.2d at 527). The *Babcock* case, had, of course, not yet been decided. Nevertheless, the Court went on to find that Massachusetts' maximum limitation of liability offended the more liberal public policy of New York and would be rejected.[6]

Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965) involved an airplane accident in Maryland where the plaintiffs were residents of Pennsylvania and had there bought round trip tickets. In that case, under differing statutes of Maryland and Pennsylvania, "a substantial recovery would seem to be obtainable only under the laws of Pennsylvania" (16 N.Y.2d 340, 266 N.Y.S.2d 515, 213 N.E.2d 797). Pennsylvania law was selected rather than that of Maryland, because Pennsylvania had an interest in being solicitous of the welfare of its citizens. New York, the forum state, had

no interest of its own. The rule of Babcock was specifically held to apply to wrongful death actions. Accord, Farber v. Smolack, *supra*; Cumming v. United Air Lines, Inc. (N.Y.Sup.Ct.) in N.Y.L. J., Dec. 3, 1971, at 2, col. 8.

The trend in the New York Court of Appeals, almost openly articulated by the majority in recent cases, is in favor of extending recovery to plaintiffs in multistate situations, whether or not they or their decedents are or were New York residents. The weakness of the *Babcock* rule—its uncertainty—is also its strength, the avoidance of harsh results without resort to fiction.

The New York Court of Appeals has not yet had occasion to consider whether the *Babcock* rule applies to problems involving the borrowing statute of limitations (CPLR § 202). Predictions must be made almost without basis in New York precedent.

In actuality, the New York court has not been confronted with what is essentially a question of legislative intention in the construction of a statute. It must be remembered that the New York borrowing statute, in somewhat different form, has been long on the books (Code Civ.Proc. § 390) and that CPLR § 202 was enacted, after years in the drafting process, in 1962—*before* the Babcock rule was announced. There is little reason to believe that the Legislature, when it spoke of a cause of action "accruing", meant anything in the case of a physical tort other than that it "accrued" in the familiar terminology "where the last act necessary to establish liability occurred" (*George, supra*, 332 F.2d at 79).

Moreover, even if by a stretching of language the cause of action for wrongful death here can *also* be said to have

---

6. Miller v. Miller, 22 N.Y.S. 2d 12, 290 N.Y.S. 2d 734, 237 N.E.2d 877 (1968) (4 to 3) involved a Maine wrongful death statute with a maximum liability like the Massachusetts statute in *Kilberg, supra*. But now the majority, instead of applying the Maine statute and striking its maximum

liability provision for policy reasons, simply applied New York law. Plaintiff's decedent was a New York resident and New York was concerned with the manner in which the widow and children of a New York decedent would be compensated.

"accrued" in British Columbia, it can scarcely be denied that it "accrued" where the accident occurred in Alberta. The policy of New York favors plaintiffs, particularly in wrongful death actions, which are even protected from legislative erosion by a constitutional provision (N.Y.Const. Art. 1, § 16). In the face of such policy, I find it hard to see why the New York court, even if it had a choice of a shorter statute of limitations under the borrowing statute, would avail itself of that choice.

Prophecy is, indeed, difficult, particularly when the recent choice of law cases have been decided by votes of four to three in the New York Court of Appeals. But the mandate of *Erie* and *Klaxon* requires me to make a prophecy. As I see it, it must be my own honest best guess, using the best tools available and made with intellectual honesty.

Accordingly, I prophesy, and as a Federal District Court sitting in New York, hold that *under the New York borrowing statute* the cause of action for wrongful death *accrued* in Alberta where the injury causing death occurred. Cf. Chartener v. Kice, 270 F.Supp. 432, 437 (E.D.N.Y.1967). Under the two-year Alberta statute of limitations, that cause of action is not time-barred.[7]

Since the defendant has only moved to dismiss the claim of Nielson based on wrongful death, that motion is denied. The plaintiff Nielson's motion to strike the third affirmative defense of the statute of limitations, as it applies to the wrongful death action, is granted. But the plaintiff Nielson's motion to strike the third affirmative defense of the statute of limitations as it applies to the warranty theory is denied, without prejudice to its renewal upon the trial; see Boutin v. Cumbo, *supra*, at 14.[8]

■■ The capacity of the plaintiff to sue is also in issue by the motion of the plaintiffs to dismiss the fifth affirmative defense which alleges the incapacity of the representative plaintiff, Mary A. Nielson, to bring this action. A foreign legal representative may sue in New York in a wrongful death action without ancillary letters. Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673 (1949). The defendant contends that its fifth affirmative defense regarding capacity to sue should not be dismissed because the papers reflecting plaintiff's appointment as representative of her husband's estate are not properly authenticated under Fed. R.Civ.P. 44(a) (2) for lack of a "final certification." Rule 44 relates to authentication for admissibility as evidence and is a matter for the trial judge. In the meantime, I will deny the plaintiff's motion to strike the affirmative defense. It is merely a pleading and the plaintiff is not prejudiced; indeed, she may be alerted to get a proper "final certification" within the Rule if she does not already have one.

This opinion shall serve as an order.

7. In view of this holding, I need not reach the problem of whether the applicable statute was tolled at any time. See Boutin v. Cumbo, 259 F.Supp. 12 (S.D. N.Y.1966).

8. The other plaintiffs have also moved to strike the third affirmative defense of the statute of limitations. Their claims sound in negligence as well as breach of warranty. The negligence statute of Alberta is two years (Alta.Laws of 1966, c. 49, § 51), and, if applied, would make the actions for negligence timely. It is applied for reasons previously stated in the opinion. The defense of limitations with respect to breach of warranty cannot be stricken at this time for the reasons stated in the opinion.