■ MARVIN MYERS, Respondent, v. DUNLOP TIRE & RUBBER CORPORATION, Appellant.— Order of the Supreme Court, New York County, entered April 14, 1972, which granted the motion of plaintiff to dismiss the defense of Statute of Limitations and denied the cross motion for summary judgment dismissing the complaint as barred by the Statute of Limitations, is unanimously modified, on the law, without costs and without disbursements, to the extent of denying plaintiff's motion to dismiss the defense of Statute of Limitations and granting the cross motion with respect to the cause of action for negligence, and severing said cause of action. Plaintiff alleges he was injured in Kentucky when the tire he was mounting on a car exploded. The tire had been manufactured by defendant in the State of New York. CPLR 302 gives jurisdiction to the courts of this State with respect to tortious activities within this State. (*Longines-Wittnauer* v. *Barnes & Reinecke*, 15 N Y 2d 443, 462.) The tortious act, the negligent manufacture of the tire, occurred in the State of New York. However, the Kentucky Statute of Limitations applies in the light of CPLR 202. That section requires application of the Kentucky Statute of Limitations upon a cause of action accruing within that State. The injury occurred in Kentucky. Therefore, the cause of action accrued in Kentucky. (*Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 300–301.) The Kentucky one-year statute bars the cause of action for tort. Concur — Stevens, P. J., McGivern, Nunez, Murphy and McNally, JJ. [69 Misc 2d 729.]