Thomas E. MEAGHER, Admr. of the Estate of Thomas E. Meagher, Jr.

v.

ELECTROLUX CORPORATION and General Electric Company.

Civ. A. No. 71–1252–S.

United States District Court,
D. Massachusetts.

Jan. 31, 1975.

John E. Lecomte, Boston, Mass., for plaintiff.

Parker, Coulter, Daley & White, Richard P. Melick, Richard L. Neumeier, Philander S. Ratzkoff, Boston, Mass., for Electrolux Corp.

Walter G. Murphy, Boston, Mass., for General Electric Co.

## MEMORANDUM AND ORDER ON MOTION TO AMEND

SKINNER, District Judge.

Counts I and III of the Complaint in this action allege claims under Massachusetts General Laws, Chapter 229, Section 2, against the respective defendants for the death of the plaintiff's son. The plaintiff now moves to amend the Complaint by adding two additional counts alleging a claim for wrongful death at common law against each defendant. The defendants oppose the motion. The parties have agreed that this motion provided an appropriate procedural vehicle for a determination by the Court of whether the plaintiff has a claim at common law for wrongful death apart from the Massachusetts statute, and free of the limitation of liability contained therein.

The jurisdiction of the Court is based on diversity of citizenship, and the applicable law is the law of Massachusetts as it was on the date of death, July 8, 1969.

Beginning in 1848, there has been a long line of Massachusetts cases which have held that there was no recovery for wrongful death at common law, and that recovery could only be based on a statute.* The principle was restated as recently as 1970 in Necktas v. General Motors Corporation, 259 N.E.2d 234 (Mass.1970).

In 1969, the incidents of the statutory cause of action created by Massachusetts General Laws, Chapter 229, Section 2C, were as follows:

    1.  The action could be maintained by the executor or administrator of

---

* Derived from Baker v. Bolton, 1 Campb. 493.

the deceased, not for the benefit of the estate, but for the benefit of certain named classes of beneficiaries under c. 229, § 1, which included next of kin if there were no surviving spouse.

2. The measure of damages was the "culpability" of the defendant and was limited to $50,000.

3. The action was required to be commenced within two years of the date of death.

It furthermore had been well established in Massachusetts that the two year period was a limitation on the right as well as on the remedy, and therefore was not subject to the tolling provisions of Massachusetts General Laws, Chapter 260, Bickford v. Furber, 271 Mass. 94, 97, 170 N.E. 796.

In 1972, however, it was held in Gaudette v. Webb, 284 N.E.2d 222 (Mass. 1972), that the running of the statutory period limitation would be tolled for the minority of minor beneficiaries of the statutory cause of action. The cause of action accrued at the time of death of Gaudette, April 15, 1967. Id., p. 224.

The Court reviewed the history of the right of action for wrongful death and the recent rejection of the rule of Baker v. Bolton by the United States Supreme Court in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339. In Moragne, the Court concluded that recovery for death of a seaman resulting from an unseaworthy condition should not be denied because it occurred within the three mile limit and was not covered by the Death on the High Seas Act; and that the right to recover for wrongful death had become a part of the common law, apparently as an extension of the practically universal public policy more explicitly expressed in wrongful death statutes.

The Gaudette opinion then contains the following key paragraphs:

"[6] Upon consideration of the Moragne decision and the sound reasoning upon which it is based, we are convinced that the law in this Commonwealth has also evolved to the point where it may now be held that the right to recovery for wrongful death is of common law origin, and we so hold. To the extent that Carey v. Berkshire R. R., 1 Cush. 475, and any other prior decisions of this court conflict with our present holding, those decisions are no longer to be followed. "[7, 8] Consequently, our wrongful death statutes will no longer be regarded as "creating the right" to recovery for wrongful death. They will be viewed rather as: (a) requiring that damages recoverable for wrongful death based upon the degree of the defendant's culpability; (b) prescribing the range of the damages recoverable against each defendant; (c) requiring that any action for wrongful death be brought by a personal representative on behalf of the designated categories of beneficiaries; and (d) requiring that the action be commenced within the specified period of time, as a limitation upon the remedy and not upon the right. We further hold that statutes limiting the period for bringing actions for death are to be construed in the same manner as the limitations contained in G.L. c. 260, the general statute of limitations, and that in appropriate cases they may be tolled by the various provisions of G.L. c. 260."

In a diversity case, this Court would accept that declaration of the law, without worrying about the transition from the first above quoted paragraph to the second, but for the assertion of the plaintiff that application of the stated rule deprives him of his property in a pre-existing common law right of action, in violation of the Fourteenth Amendment to the Constitution of the United States.

The theory of the plaintiff's case is as follows:

1. The Gaudette opinion establishes that the common law right of action existed at the time of Gaudette's death in 1967, and therefore existed at the time of the

death of the plaintiff's intestate in 1969.

2. The right of action at common law was without limitation as to damages.

3. Massachusetts General Laws, Chapter 229, Section 2C, can not be construed as an existing limitation on the common law right, because the legislature mistakenly believed they were creating a new right, not limiting an existing one.

4. Application of the limitations of liability to the common law right, in accordance with *Gaudette*, constitutes an unconstitutional limitation on the previously existing cause of action.

One problem with the plaintiff's position is that we have no basis for describing the incidents of the common law right of action other than what the Supreme Judicial Court has told us in *Gaudette*. There is no reason to suppose that a right which "evolved" at common law, evolved in the same way in every jurisdiction. In oral argument, in fact, the plaintiff insisted that recovery under Massachusetts common law could be had for the benefit of next-of-kin, in accordance with Massachusetts General Laws, Chapter 229, Section 1, whereas many, if not most, rights of action for wrongful death which have unlimited compensatory damages are for the benefit of dependents only.

The plaintiff's argument invites theoretical exploration of the interesting question of whether a common law rule is "created" or merely "discovered," and where in the point of the "evolution" of the rule did the evolutionary process peak, in 1967 or 1972. I decline the invitation.

The issue raised here is one of deprivation of rights protected under the Fourteenth Amendment. The inquiry is whether the plaintiff had an actual, viable, enforceable right in 1969 that he does not have now. The answer is plainly "No." Necktas v. General Motors Corp., 259 N.E.2d 234 (Mass.1970).

All that happened is that the Supreme Judicial Court in *Gaudette* found a way to relieve litigants in Massachusetts from an unfairly rigid prior rule governing the application of the statute of limitation. Of this the plaintiff could hardly complain.

The Motion To Amend is allowed, because the cause of action now exists independent of the statute, but the measure and limits of liability which may be imposed under the two additional counts will be as described in the quoted paragraphs of *Gaudette, supra*. This is the law of Massachusetts and there is no constitutional impediment to its application in this case.