Nancy J. NEAL, as Executrix of the Estate of Burnette Neal, Jr., and Jane C. Williams, as Executrix of the Estate of Bruce R. Williams, Plaintiffs,

v.

BUTLER AVIATION INTERNATIONAL, INC., et al., Defendants.

No. 76 C 10.

United States District Court, E. D. New York.

Oct. 15, 1976.

Paul D. Rheingold, New York City (Speiser & Krause, New York City and Joseph J. Pierini, Brooklyn, N. Y., of counsel), for plaintiffs.

James P. Donovan, New York City (Mendes & Mount, New York City, of counsel), for Butler-Miami-Air-International.

John K. Weir, New York City (Haight, Garner, Poor & Havens, New York City, of counsel), for Butler Aviation International and Butler International, Inc.

### MEMORANDUM and ORDER

DOOLING, District Judge.

This diversity action, commenced January 6, 1976, arose out of the crash of a military aircraft (an AC–47) in South Vietnam on April 26, 1967, in which Major Burnette Neal, Jr. and Major Bruce R. Williams lost their lives. The charge of the complaint is that defendants are liable to the plaintiff executrices, resident in and appointed in Texas, either because (a) defendants negligently assembled, repaired and inspected the aircraft in 1966, or (b) because defendants breached warranties of their work that they made (*cf. Victorson v. Bock Laundry Mche Co.*, 1975, 37 N.Y.2d 395, 402–404, 373 N.Y.S.2d 39, 335 N.E.2d 275), or (c) because they made misrepresentations or (d) because they were strictly liable to the decedents.

Butler Aviation Miami, Inc., served with process in Florida, and Air International, Inc. (apparently long since merged into Butler-Aviation Miami, Inc.), and, if it could be served with process, served with it in Florida, join in moving to dismiss the action on the ground that they are not suable in this court, and on the ground that, in any event, the action is barred by the statutes of limitation of New York, Florida and Tex-

as. Defendants Butler Aviation International, Inc., and Butler International, Inc., served with process in New Jersey, move to dismiss the action, *first,* on the ground that the action is barred by the New York two year limitation on wrongful death actions or by N.Y.C.P.L.R. § 202, and, *second,* if the action is dismissed as against Butler-Miami International, then it should be dismissed against Butler Aviation International, Inc., and Butler International, Inc. on the ground that parties indispensable to a determination of the issues will not be before this Court.

Plaintiffs' affidavits, not contradicted at this time, make the following assertions of fact:

The AC–47 was on military patrol when it was lost. It was a Douglas-built aircraft; it had been delivered to the Air Force in February 1944, but Air International (later acquired by Butler-Miami) had overhauled and modified it under an Air Force contract in 1966, replacing both elevators and removing, repairing and replacing the wings. The work was done—and the negligence occurred or the defect arose—in Florida. The craft was assigned to Vietnam duty on January 13, 1967, and, after the crash, some three months later, investigation indicated that the right elevator had failed, and that its failure had caused the right wing to separate from the aircraft. All seven members of the crew died in the crash. The representatives of three crew members sued in Florida in or about April 1969 and their case was settled on the eve of trial in November 1974.

The representative of a sixth crew member, Fred E. Barnette, sued in the Queens County Supreme Court; there was no diversity of citizenship in that case. A motion addressed to the limitations issue made in the *Barnette* case resulted in the conclusion that if the law of Vietnam regarded the thirty-year statute of limitations of Vietnam (see *infra*) as substantive, that statute would be given effect in New York because Vietnam "has the most significant relationship with the issue of what remedy,

if any, shall lie to compensate for the injuries and death sustained by decedent."

The parties agree that the statutes of limitation of New York, Florida and Texas would bar the action if any of those statutes directly apply. The normal Vietnam statute of limitations, probably its three year statute, has likewise passed. There is no doubt that the plaintiff representatives, who are the officers' widows, and their minor children live in Texas. No statement has been made about the deceased officers' places of residence during their lifetimes.

The plaintiffs present an opinion letter indicating that if an action for a civil tort is initiated (as it may be) in the Vietnam criminal court (along with a criminal charge based on the same facts), the limitation applicable to the crime controls, and, in the case of damages inflicted by negligent homicide, is three years. A contract suit for breach of a warranty against latent defects in personal property must be brought within three months after the defects are discovered. A suit based on strict liability (for products) has no specific limitation (semble, the concept is alien to Vietnamese law), but it would be very likely controlled by the tort limitation—three years for negligent homicide. It is also suggested that certain types of aircraft accidents have no specific limitation and might therefore appear to fall within the catch-all limitation of 30 years, prescribed by Article 1474 of the Civil Code—a provision which, in essence, says that all rights of action are prescribed after 30 years. However, the specific air accident provisions that lead to Article 1474 seem to relate only to actions against air-carriers. Generally, Vietnamese statutes of limitation do not run against minors during their minority (Civil Code Article 1468), and minors sue through a parent or guardian.

Finally, the opinion letter states that a war-born Vietnamese law of March 29, 1942, suspended all periods of limitation on public actions, meaning criminal actions, and states further that as late as 1961 the highest Vietnamese court held that the suspension was still in effect.

■ Section 202 of the Civil Practice Law and Rules determines, subject, where applicable to Section 208 (tolling for infancy), the outcome of the case:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued . . . ."

*Erie R.R. v. Tompkins,* 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, no less than *Klaxon Co. v. Stentor Mfg. Co.,* 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, requires the application of the statute—and the rest of New York's sophisticated conflict of laws rules.

The claims of plaintiffs are barred, whether their causes of action accrued in Vietnam or Florida, since their action was not commenced within the time limited by that one of the laws of New York or Texas or Florida or Vietnam which prescribes the shortest period (C.P.L.R. § 202; *Myers v. Dunlop Tire & Rubber Co.,* 1972, 40 A.D.2d 599, 335 N.Y.S.2d 961; *Federal Ins. Co. v. Fries,* 1974, 78 Misc.2d 805, 355 N.Y.S.2d 741; *George v. Douglas Aircraft Co.,* 2 Cir., 332 F.2d 73, 76, 78–79; *Sack v. Low,* 2d Cir. 1973, 478 F.2d 360, 366–367. *Chartener v. Kice,* E.D.N.Y.1967, 270 F.Supp. 432, 438; *Nielson v. Avco Corp.,* S.D.N.Y., 54 F.R.D. 76, 81; note *Victorson v. Bock Laundry Mche Co.,* 1975, 37 N.Y.2d 395, 402–404, 373 N.Y.S.2d 39, 335 N.E.2d 275) unless plaintiffs are right that the Vietnamese limitation is a substantive component of any parallel it may have to the wrongful death statutes of this country, and that the Vietnamese statute has—therefore—not run or are right in claiming that the infants in any case have surviving rights of action.

■ The contention that the Vietnamese time limitation is integral to a statutory wrongful death claim is incorrect. The opinion letter does not say that wrongful death claims are creatures of Vietnamese statute and that a time limitation is integrated in the statute. The letter's silence may suggest that Vietnam, deriving its law from France, found a wrongful death statute needless, as France does: the Civil Law allows recovery for the injury suffered by the dependents of a person killed through tortious misconduct. See *Moragne v. States Marine Lines,* 1970, 398 U.S. 375, 386–387 and fn.13, 90 S.Ct. 1772, 26 L.Ed.2d 339; *The Harrisburg,* 1886, 119 U.S. 199, 212–213, 7 S.Ct. 140, 30 L.Ed. 358. Hence plaintiffs must—and seem to—argue that the statute of limitations of Vietnam, although of general application, is substantive, or, at least, that it should be treated as embodying a significant and applicable legislative policy. But the statute is not any different from any other limitation statute, and every such statute embodies a policy. The question is whether the special act suspending the operation of the statute has any relevancy to the present suit or any exportable quality. The suspension statute is necessarily addressed to wartime conditions local to Vietnam, its people and its courts. A case arising between foreigners to Vietnam out of their own alleged breaches of duty, and inevitably destined for litigation in the foreigners' own courts, falls far outside the ambit of the suspension law. Whether or not any of the Butler companies are suable in New York, none was, so far as appears, ever suable in Vietnam. Nothing in the occasion or purpose of the suspension statute warrants its application to the present case or justifies treating it as immune to the effect of Section 202.

■ If it is necessary to decide, in determining this question, what substantive law in an inclusive sense, the New York court would apply in this wrongful death action, it would have to be concluded that it would apply the law of Texas—assuming that is where Major Neal and Major Williams and their families were domiciled on April 26, 1967. It is Texas which is concerned with the plaintiff widows and the children and which would determine the allocation of the proceeds of the suit if it succeeded. *Cf. Miller v. Miller,* 1968, 22 N.Y.2d 12, 290 N.Y.S.2d 734, 237 N.E.2d 877; *Long v. Pan American World Airways,* 1965, 16 N.Y.2d 337, 340, 266 N.Y.S.2d 513, 213 N.E.2d 796; *Tooker v. Lopez,* 1969, 24 N.Y.2d 569, 301

N.Y.S.2d 519, 249 N.E.2d 394. Vietnam is the place of the accident, but the breach of duty relied on, if any there was, occurred in Florida (*cf. George v. Douglas Aircraft Co.*, 2d Cir. 1964, 332 F.2d 73, 76, 78–79; contrast *Sack v. Low, supra,* 478 F.2d at 366), the decedents were American Air Force officers, the aircraft was in American military service, and Vietnam had no concern with nor responsibility toward the airmen's surviving kin that Vietnamese law or Vietnamese judicial administration could serve. It is easy to surmise that plaintiff's substantive interest would require that the substantive law of an American state rather than that of Vietnam be applied to determine liability and to distribute any recovery. *Cf. Babcock v. Jackson,* 1963, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279.

Whether the Status of Forces Agreement or the Agreement for Mutual Defense Assistance in Indochina (1950)—if either—was applicable at the relevant dates, both make clear that the status of the military in Vietnam was not the usual peaceable presence of voluntary visitors or immigrants. The decedents' presence in Vietnam was a commanded presence to which their volition was irrelevant.

█ The rights of the infants, it is argued, are, in any event, still separately actionable, since New York (Section 208) and Vietnam alike toll limitations of time during minority. If the interests of the infants were legally identical to that of children who are beneficiaries of a statutory wrongful death action created by New York law, their infancy would not protect the representatives' suit from being time-barred. Only the infancy of a plaintiff representative has that effect in New York. *Mossip v. F. H. Clement & Co.,* Erie Co. 1937, 163 Misc. 771, 297 N.Y.S. 724, aff'd 4th Dept. 1939, 256 App.Div. 469, 10 N.Y.S.2d 592, aff'd 1940, 283 N.Y. 554, 27 N.E.2d 279. If, however, as surmised above, the dependent infants under Vietnam law would have a distinct right of action for the injury to them caused by their fathers' deaths as the opinion letter suggests, and parallel non-statutory individual rights existed in New York, the individual infant claims would have to be regarded. *Cf. Moragne v. States Marine Lines, supra; The Harrisburg, supra.* Then such cases as *Hughes v. Hinson's Garage, Inc.,* 4th Dept. 1949, 9 A.D.2d 1014, 194 N.Y.S.2d 324, become relevant, for reference to the law of Vietnam—as the place where the cause of action accrued—as well as to that of New York becomes appropriate for purposes of C.P.L.R. § 202, and the separate interests of the infants would invoke as the relevant rule of limitation the tolling provision of C.P.L.R. § 208. As already noted, the elements in principle decisive of the question of the applicable substantive law require the conclusion that the substantive law of Vietnam would not be applied. That Vietnam was the place of the accident is not alone decisive and the other factors unite to require the rejection of Vietnam law. Judge Gurfein, indeed, suggested (*Nielson v. Avco Corporation, supra,* 54 F.R.D. at 80) that the New York Court of Appeals has "almost openly articulated" a view that favors "extending recovery to plaintiffs in multistate situations, whether or not they or their decedents are or were New York residents." But Judge Gurfein did not ascribe to the Court a disposition to be unprincipled and the principles articulated in its opinions are decisive here.

Even if the statutory wrongful death right of action accruing to each family is barred as, in each case, a unitary and indivisible right of action, that does not dispose of plaintiffs' final argument for the infants: that *Moragne* signals the survival of a common law right of action in each child for the injury caused the child by its father's death. If *Ford v. Monroe,* 1838, 20 Wend. 210, seemed silently to recognize that one whose tort caused the death of another was liable to one to whom that death occasioned loss, it was in substance overruled by *Green v. The Hudson River R.R.,* 1858, 28 Barb. 9, 1866, 2 Keyes, 294; New York has now long been committed to treating the wrongful death statute as the origin of the survivor's right; the statute provides a remedy limited to pecuniary loss, and that remedy may be narrower than

that accorded by maritime common law (*cf. Sea-Land Services v. Gaudet*, 1974, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9). There is no indication that either Texas or Florida have taken a different view. Evidently none of the three states has so far taken the view that *Moragne* shows the way to evolve if not to revive a common law remedy to supplement the statutory remedy. And *Moragne* itself does not furnish a precise precedent. The Court there had but to overrule *The Harrisburg*, and the way was clear, provided, as the Court held, that the bordering statutes, such as the Jones Act and the Death on the High Seas Act, did not by implication solidify the holding in *The Harrisburg* as a predicate of Congressional action in the general field. The Congress had never dealt directly with the point bruited in *Moragne*. But the three states here involved have—whether or not it was needless—directly and fully dealt with the rights of surviving dependents injured by tortiously inflicted death, and, so far as appears, they have not provided individual rights to surviving children. New York's wrongful death statute, perhaps the oldest of such statutes, dates from Chapter 450 of the laws of 1847.

The Massachusetts Court has nevertheless relied on the logic of *Moragne's* recognition of a nonstatutory right to sue for wrongful death in holding that, despite the Massachusetts statute, an infant's "common law" right of action for damages suffered through a parent's death sufficed to enable the infant to take advantage of the provision tolling the statute of limitations during infancy even though the infant's mother's claim was barred by lapse of time; the Court abandoned the traditional concept that the time limitation imposed by the wrongful death statute intrinsically conditioned the right to sue. *Gaudette v. Webb*, 1972, 362 Mass. 60, 284 N.E.2d 222. Followed as stating Massachusetts law in *Meagher v. Electrolux Corp.*, D.Mass.1975, 388 F.Supp. 1009. *Cf. In re Air Crash Disaster*, D.Mass.1975, 399 F.Supp. 1106, 1112, 1115 (fn.12), 1118, 1122; *Barbe v. Drummond*, 1st Cir. 1974, 507 F.2d 794, 798–800.

The decision in the *Barnette* case in Queens County appears not to reflect the law of New York as set forth in authoritative decisions of the New York Court of Appeals, and it seems to be contingent on a future determination about whether the thirty year Vietnam statute of limitations (if applicable) is substantive. The latter point appears to echo the dubious and often challenged theory that a time limitation incorporated in a wrongful death statute operated (in a substantive or jurisdictional way) to extinguish the statutory right of action or terminate subject matter jurisdiction. That, however, appears not to be the nature of the Vietnamese law respecting suits for damages flowing from tortiously caused death. Alternatively, the theory might be that all Vietnamese statutes of prescription are, *per se*, substantive and not "procedural." But that is far too broad a proposition to be tolerable; it appears to turn on nothing more than the civil law preference for the term "prescription"; the statutes themselves, however, strikingly parallel American statutes of limitation in purpose, structure, and, indeed, even in tolling the statute during infancy.

■ There is necessarily an element of speculation in essaying to decide a question of state law on a point in which the cases afford little or no guidance. Nevertheless, to take New York first: it is considered that the New York Courts when directed to *Moragne* and *Gaudette* would reach the same conclusion. The rationale of *Moragne* is compelling, and *Gaudette* is clear that the existence of a wrongful death statute (an exotic and restrictive one, in fact) does not suppress the recognition of the common right of action. While *Green v. Hudson River R.R.*, plainly held that the authorities then required the conclusion that a husband had no common law right of action, based on his wife's death, for the loss caused him by the railroad's tort, the court regarded the law as harsh (28 Barb. at 21–22, 2 Keyes at 303). The New York statute is intended as a statute of beneficence; it makes good a supposed defect in the common law, and, while it has not the most expansive measure of damages, it discloses no purpose to

annul rights that might exist independently of the statute. In these legal circumstances it may not be held that the interests of the infants are barred by lapse of time.

More relevant, under the New York conflicts rule, is the law of Texas, and that of Florida may also be involved. There is not at this time any reason to suppose that the Courts of those states would reject the lead of *Moragne* and *Gaudette.* On the present record, the defense of limitations cannot be sustained as to the interests of the infants although it does bar the interests of the widows. For statute of limitations purposes the infants claims must be accorded separate recognition and the benefit of C.P. L.R. § 208.

■ The objection to jurisdiction, while it obviously has much to support it, cannot be passed on summarily. It is not held that plaintiffs have shown a sound jurisdictional basis but only that it is not impossible that they may be able to do, although the prospect is unpromising.

It is so ORDERED.