Gabrielli, J. (dissenting in part).
Although I am in accord with much of the majority’s discussion of CPLR 202, I cannot concur in the court’s dismissal of the plaintiff's independent cause of action for breach of warranty. Today’s decision raises anew the once toppled walls of the citadel of privity (see Codling v Paglia, 32 NY2d 330), and casts a shadow over that realm of the law which defines the right to recover for personal injuries caused by defective products; but the result reached is mandated neither by precedent, logic nor statute.
Due to a comparatively rapid rate of development, the body of law which deals with recovery for personal injuries caused by defective products comprises a seemingly complex, and perhaps somewhat inconsistent admixture of both common law and statute. Much of the law in this area is a creature of judicial fiat rather than of legislative action, and has developed on a case-by-case basis as a matter of common law. Until fairly recently, the absence of privity precluded recovery without proof of negligence (see Turner v Edison Stor. Battery Co, 248 NY 73). In an increasing number of decisions, beginning with Greenberg v Lorenz (9 NY2d 195), the court began to weaken the walls of the citadel. That process culminated n our decision in Codling wherein we held that "under a doctrine of strict products liability, the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages” (32 NY2d, at p 342). Subsequently, in Victorson v Bock Laundry Mach. Co. (37 NY2d 395), we held that an action in strict products liability sounds in tort rather than in contract, and consequently found the tort limitations period and accrual principles applicable to such actions.
Today this court in effect holds that no cause of action for breach of warranty can lie in favor of a person not in privity with the seller. Implicit in this holding is the rationale that since such a person may now have a cause of action for strict products liability, it is no longer necessary to afford him an action for breach of warranty as well. Whether the converse will also be true, and a person who is in privity of contract be foreclosed from bringing an action in strict products liability (see De Crosta v Reynolds Constr. & Supply Co., 49 AD2d 476, affd on other grounds 41 NY2d 1100), or whether such a person will be subject to the torts Statute of Limitations in any action to recover for personal injury, appear to remain open questions (see, generally, Victorson, supra, at pp 407-408 [concurring opn]). Although there is a certain elegant simplic *594 ity to the majority’s approach, that alone appears insufficient reason to reconstruct the privity barrier and thereby foreclose recovery by those individuals whose claims are barred by the tort, but not by the contract limitations period.
Neither Victorson nor any of our other holdings require this result. Indeed, in Victorson we explicitly recognized the continuing validity of a separate cause of action based upon a breach of warranty: "Preliminarily we observe as a matter of analysis that, while one seeking to recover from a manufacturer for injuries sustained in consequence of an alleged defect in its product may be said to have but a single claim, that claim may be grounded in one or more of four causes of action or theories of liability. Depending on the factual context in which the claim arises, the injured plaintiff, and those asserting derivative claims, may state a cause of action in contract, express or implied, on the ground of negligence, or, as here, on the theory of strict products liability. In these cases now before us we are concerned only with claims based on the last theory. What we say here, therefore, should not be understood as in any way referring to the liability of a manufacturer of a defective product under familiar but different doctrines of the law of contracts for injuries sustained by a customer or other person with whom or for whose benefit the manufacturer previously has made a warranty or other agreement, express or implied. As indicated, it may be open to a particular plaintiff to base his case on contract liability or negligence or strict products liability, or on some combination thereof’ (37 NY2d, at p 400). Subsequently, in Micallef v Miehle Co. (39 NY2d 376, 382), we again noted the existence of a separate cause of action for breach of warranty accruing in favor of a person not in privity with the seller. Similarly, other courts and various commentators have consistently interpreted our decisions in Victorson and Codling as affording an injured party not in privity with the seller, the vehicle of a cause of action in either negligence, strict products liability, breach of warranty, or some combination thereof, depending on the facts of the particular case (see, e.g., Ribley v Harsco Corp., 57 AD2d 234; Murphy v General Motors Corp., 55 AD2d 486; Powell v Gates-Chili Cent. School Dist., 50 AD2d 1079, 1080; Survey of NY Practice, 50 St John’s L Rev 181; see, also, Potsdam Welding & Mach. Co. v Neptune Microñoc, 57 AD2d 993).
It is clear then, that nowhere have we held that a party not *595 in privity is bereft or deprived of a cause of action for breach of warranty. This does not mean, of course, that we could not so hold now, were the question one of common law alone: Since our decision in Victorson, however, the Legislature has amended section 2-318 of the Uniform Commercial Code (L 1975, ch 744), which now provides as follows: "§ 2-318. Third Party Beneficiaries of Warranties Express or Implied. A seller’s warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.” The language of the statute is clear, precise and unambiguous; its import is plain. It provides that any natural person who may reasonably be expected to "use, consume or be affected by the goods” shall be a third-party beneficiary to any warranties created by the sale, be they express or implied, and be they entered into voluntarily or imposed by operation of law. As a third-party beneficiary, anyone who falls within the protected class may, of course, bring a direct action for breach of warranty against the seller (see Uniform Commercial Code, § 2-318, comment 2; § 2-318, New York Annotations). Such a cause of action is independent of the strict products liability cause of action which we recognized in Codling and characterized as tortious in Victorson; it is instead a contractual remedy created solely by the provisions of the Uniform Commercial Code and the terms of the contract between the buyer and the seller (see Donnelly & Donnelly, Commercial Law, 27 Syracuse L Rev 277, 279). As such, it is appropriate that it be governed by the limitations period and accrual rules prescribed in section 2-725 of the Uniform Commercial Code. Although section 2-318 of the Uniform Commercial Code is not specifically applicable to this case since the cause of action accrued prior to the effective date of the amendment, I would nonetheless apply the principles inherent in the statute, and especially its obvious purpose of removing the privity barrier. It would seem rather incongruous at this late date for this court to act to reconstruct those very barriers which we have previously dismantled (see, e.g., Codling v Paglia, 32 NY2d 330, supra), and at a time when the Legislature has enunciated public policy and has so plainly indicated its approval of the direction of our earlier decisions.
Although section 2-725 does not speak directly to the situs *596 of a cause of action for breach of warranty, it does provide that a cause of action such as this accrues at the time of tender of delivery. This being so, it would appear to follow logically that such an action would also accrue at the place of tender of delivery (see Myers v Dunlop Tire & Rubber Corp., 40 AD2d 599), which in this case was New York; and I do not think that this conclusion should change simply because the damages sought to be recovered are the result of personal injuries rather than the more traditional contract damages, for the code itself specifically allows recovery for personal injuries as consequential damages for breach* of contract or warranty (Uniform Commercial Code, § 2-715). Regardless of the nature of the damages sought to be recovered, the basis for liability is the sale of a defective product, and it is at the time of delivery of that product that the cause of action for breach of warranty accrues even though the defect may not reveal itself and the consequential damages be created until years later. There is no longer any need to strain to avoid this result in breach of warranty cases involving personal injuries, for our recognition of an independent action based on strict products liability and accruing as of the date of the injury serves to prevent the injustice which might possibly otherwise result from such a rule.
The majority of the court today apparently disregards the fact that by amending section 2-318 the Legislature has in large part eliminated the privity barrier to a traditional breach of warranty action on behalf of an injured person who is not a direct party to the sales contract; and apparently finds no inconsistency between this legislative death blow to privity and today’s decision to resurrect that concept. I cannot agree. The effect of the statutory scheme is clear: section 2-318 delineates the class of individuals in whose favor warranties run, and that class certainly includes this plaintiff. To determine when and where his cause of action for breach of warranty accrued, as distinguished from his cause of action based in strict products liability, one need only turn to that section of the code we have already discussed which deals with accrual, to wit, section 2-725.
For the reasons stated above, I would hold that the plaintiff has stated a cause of action for breach of warranty, that this cause of action accrued in New York, and that thus the borrowing statute (CPLR 202) is not applicable; rather the four-year Statute of Limitations provided in section 2-725 of *597 the Uniform Commercial Code is applicable and the action was timely brought.
Therefore, the order of the Appellate Division should be modified accordingly, and the case remitted to Supreme Court for trial with respect to the breach of warranty cause of action.
Chief Judge Breitel and Judges Jones and Wachtler concur with Judge Jasen; Judge Gabrielli dissents in part and votes to modify in a separate opinion in which Judges Fuchsberg and Cooke concur.
Order affirmed, with costs.