ALVIN J. OWEN, SR., administrator, vs. ROBERT W. MESERVE
& another, trustees.

Middlesex.  April 9, 1980. — August 5, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Negligence*, Railroad, Trespasser.  *Constitutional Law*, Equal protection
of laws.

Recovery for wrongful death, although of common law origin, is subject
to the statutory limitations imposed by G. L. c. 229, § 2. [274-276]
The provision of G. L. c. 229, § 2, negating railroad liability for negli-
gence resulting in the death of a trespasser does not deny equal protec-
tion of the laws in violation of the Fourteenth Amendment to the
United States Constitution. [276-277]

TORT.  Writ in the Superior Court dated May 25, 1972.
The case was tried before *Mitchell*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Donald P. Garrity (James A. McDonald, Jr.*, with him)
for the plaintiff.

*Francis J. Bousquet & Frank A. Smith, III*, for the de-
fendants.

BRAUCHER, J.  On June 1, 1971, the plaintiff's intestate, a
fifteen year old boy, was struck and killed by a passenger
train of the defendants, trustees of the Boston and Maine
Corporation (railroad).  A verdict has been directed for the
defendants in the plaintiff's action for wrongful death by vir-
tue of a provision in G. L. c. 229, § 2, as amended through
St. 1967, c. 666, § 1: "a person operating a railroad shall
not be liable for negligence in causing the death of a person
while walking or being upon such railroad contrary to law
or to the reasonable rules and regulations of the carrier."
The plaintiff contends that he has a common law claim not

subject to the statute and, alternatively, that the statute denies equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. We reject these contentions and uphold the judgment.

The plaintiff's complaint contains four counts, one for conscious pain and suffering as a result of the defendants' negligence, one for wrongful death as a result of the defendants' negligence, one for conscious pain and suffering as a result of the defendants' wilful, wanton and reckless conduct, and one for wrongful death as a result of the defendants' wilful, wanton and reckless conduct. The case was tried before a jury and at the close of all the evidence the judge allowed the defendants' motion for a directed verdict. The plaintiff appealed from the resulting judgment, and we transferred the case from the Appeals Court on our own motion.

There was evidence of the following facts. About 5:15 P.M. the boy and a friend climbed the abutment of a railroad overpass in Malden and stepped onto the roadbed of the railroad. The engineer and the fireman of a train bound for Boston, traveling seventy miles an hour, saw them about 400 feet ahead, in the path of an oncoming train bound for Reading. The Reading-bound train blew its air horn and the boys moved into the path of the Boston-bound train. The engineer and the fireman of the Reading-bound train tried to warn the boys by pointing down the track, but the boys responded with obscene gestures. The fireman of the Boston-bound train sounded his horn and applied the brakes, but the train hit the boys at a speed of sixty to sixty-five miles an hour and continued about 2,000 feet before coming to a stop.

The plaintiff does not now contend that there was evidence of the boy's conscious pain and suffering or of the defendants' wilful, wanton or reckless conduct. Nor does he contend that the boy was lawfully on the railroad track. He argues that the railroad owed him a common law duty of reasonable care, not subject to the statutory limitation on wrongful death actions, citing *Pridgen* v. *Boston Hous. Auth.*, 364 Mass. 696, 713 (1974) ("helplessly trapped" tres-

passer), and *Soule* v. *Massachusetts Elec. Co.*, 378 Mass. 177, 182 (1979) ("foreseeable child trespassers"). Alternatively, he argues that the statutory distinction between trespassers who are injured and trespassers who are killed is irrational and impermissible as a denial of equal protection.

In *Gaudette* v. *Webb*, 362 Mass. 60, 71 (1972), we held that "the right to recovery for wrongful death is of common law origin," and that statutes limiting the period for bringing actions for death may be tolled pursuant to G. L. c. 260. But we clearly stated that other provisions of G. L. c. 229, § 2, imposed limitations on such recovery. In *Minkley* v. *MacFarland*, 371 Mass. 891 (1976), we rejected claims for common law recovery in addition to a statutory claim for wrongful death. See *Meagher* v. *Electrolux Corp.*, 388 F. Supp. 1009, 1011 (D. Mass. 1975). Recovery for wrongful death remained subject to the statutory provisions, including the denial of recovery for wrongful death of a trespasser caused by the negligence of a railroad. *Corrado* v. *New York, N.H. & H.R.R.*, 333 Mass. 417, 419-420 (1956). We consider no question as to the effect of St. 1973, c. 699, § 1, effective January 1, 1974, and subsequent amendments to G. L. c. 229, § 2.

A limitation on the recovery of damages for wrongful death does not impinge on a constitutionally protected substantive right and is not predicated on a constitutionally suspect classification. Hence the validity of the classification must be sustained against the plaintiff's equal protection claim unless the classification rests on grounds wholly irrelevant to the achievement of any legitimate governmental objective. *Harris* v. *McRae*, 448 U.S. 297, 326 (1980). See *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 648-651 (1977).

We assume, without deciding, that in a case similar to the present one a child who was injured but not killed could recover damages on the basis of the negligence of the railroad without showing wilful, wanton or reckless conduct. Cf. *Kalinowski* v. *Smith*, 6 Mass. App. Ct. 769, 772 (1978) (child of four years and eight months). "Under the traditional common law analysis," however, wilful and

wanton misconduct would be required. *Soule* v. *Massachu-setts Elec. Co.*, 378 Mass. 177, 180 (1979). We recognize that changing conditions may render a statute unequal in its operation and invalid even though it was valid when enacted. *Vigeant* v. *Postal Tel. Cable Co.*, 260 Mass. 335, 342 (1927). But we do not think our decision in the *Soule* case, adopting a more modern view of common law liability to child trespassers, rendered invalid a contrary statutory rule that retained some rational force.

The law governing recovery for wrongful death has been largely statutory in the United States, and has varied from State to State. See 1 S.M. Speiser, Recovery for Wrongful Death § 1:9 (2d ed. 1975). The governing statute in Massachusetts in 1971 defined the beneficiaries of such recovery, fixed maximum and minimum dollar amounts, and provided for assessment of damages with reference to the degree of the defendant's culpability. Thus the principles governing recovery for death were different in many important respects from those governing personal injury. We seem never to have passed on the constitutionality of such differences, but equal protection challenges to similar differences have been rejected in other States. *Butler* v. *Chicago Transit Auth.*, 38 Ill. 2d 361, 365 (1967) (maximum recovery). *Glick* v. *Ballentine Produce Inc.*, 396 S.W.2d 609, 615 (Mo. 1965), appeal dismissed, 385 U.S. 5 (1966) (same). *Gibbs* v. *Prior*, 107 N.H. 218, 220 (1966) (same). *Cogger* v. *Trudell*, 35 Wis. 2d 350, 360 (1967) (denial of recovery by children when spouse survives). Cf. *Pinnick* v. *Cleary*, 360 Mass. 1, 27-31 (1971) (limitation of damages for pain and suffering in automobile cases). So far as *In re Paris Air Crash of March 3, 1974*, 427 F. Supp. 701, 708 (C.D. Cal. 1977), indicates that damage rules for wrongful death cases must harmonize with the rules for personal injury and property damage cases, we do not follow that decision.

The exception negating railroad liability for negligence resulting in the death of a trespasser first appeared in St. 1853, c. 414, § 2, and it was carried into G. L. c. 229, § 3

(1932). At that time no liability was imposed for death resulting from wilful, wanton or reckless conduct of a railroad. *Foynes* v. *New York Cent. R.R.*, 276 Mass. 89, 92 (1931). Thus the railroad's only liability was based on negligence, and the exception apparently negated any liability of a railroad for the death of a trespasser on its right-of-way. Liability for wilful, wanton or reckless conduct was added by St. 1941, c. 460, § 2, but the exception remained coextensive with the liability. The exception disappeared in the revisions by St. 1946, c. 614, and St. 1947, c. 506, which changed recovery from a "punitive" to a "compensatory" basis, but it was restored by St. 1949, c. 427, § 3, inserting G. L. c. 229, § 2A. See *Gaudette* v. *Webb*, 362 Mass. 60, 66 n.4 (1972). By St. 1958, c. 238, § 1, amending G. L. c. 229, § 2, the exception was limited to the liability of a railroad "for negligence," and so it remained at the time of the death now in issue. At that time, therefore, a railroad apparently might have become liable for the death of a trespasser resulting from its wilful, wanton or reckless conduct.

This history suggests that the Legislature, in fixing the rules for recovery against a railroad for the death of a trespasser, balanced the goal of an effective transportation system against the danger of death to trespassers, taking into account the degree of culpability of the railroad and the opportunity of the trespasser to avoid the hazard. The balance was struck differently at different times; sometimes it coincided with the balance struck by our common law decisions on comparable cases of personal injury, sometimes it did not. But we are not prepared to say that the balance provided by the Legislature in 1971 was wholly irrelevant to the achievement of any legitimate governmental objective.

*Judgment affirmed.*