Marianne McCONVILLE, Acting as Special Administratrix of the Estate of Mary McConville, Deceased, Plaintiff,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, et al., Defendants.

Civ. A. No. 90–11647–EFH.

United States District Court, D. Massachusetts.

May 17, 1994.

William L. Maher, Law Office of Robert O'Neill, Boston, MA, for plaintiff.

Robert H. Flynn, Fay, Flynn & Fay, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This is an action in tort by the administratrix of the estate of Mary McConville, alleging wrongful death as the result of her being struck by a commuter rail train on May 31, 1990. The Plaintiff alleges simple negligence in the operation of the train, reckless conduct and gross negligence in the op-

eration of the train, and damages for the conscious pain and suffering of the decedent. The Defendants are the Massachusetts Bay Transportation Authority ("MBTA"), the National Railroad Passenger Corporation ("Amtrak"), Donald Wheaton and George Raynor.[1]

On May 31, 1990, at some time between 5:55 and 6:01 p.m., a passing train radioed the Southwest Corridor dispatcher that there was a person lying in the gage of track 2 at the Forest Hills Railroad Station, located in Roslindale, Massachusetts. Track 2 is the outermost track away from the platform. Upon receiving this transmission, the dispatcher placed a "stop" signal on that track and notified the Amtrak police.

Amtrak Police Officer Edward Assard responded to the transmission in emergency mode and arrived at the station at approximately 6:12 to 6:14 p.m. Upon entering the station, Officer Assard did not observe anyone on the tracks. Officer Assard then observed Mary McConville descending a metal ladder which leads from the platform down to the track area. Assard observed McConville step upon Track number 3, the closest track to the platform, and place her head upon the rail. An oncoming train was about twenty five feet away from her. Officer Assard yelled to the woman and ran towards her in a fruitless attempt to get her out of the path of the incoming train. Within seconds of her placing her head on the rail, Mary McConville was struck and killed by train 622 which was pulling into the station.

■ In essence, Plaintiff claims that the Defendants were negligent in not preventing McConville's suicide. The Massachusetts Wrongful Death Statute explicitly prohibits negligence claims against railroads for the death of a person walking or being upon a railroad track contrary to law. Mass.Gen.L. ch. 229, § 2. It is well settled that a violation of a statute which makes it a criminal offense to knowingly stand or walk on a railroad track without right, suffices in and of itself to deny recovery per the railroad section of the Wrongful Death Act, even where the railroad has reason to anticipate that persons might be on the tracks at a particu-

lar location. *Gage v. Westfield*, 26 Mass.App. 681, 532 N.E.2d 62 (1988). In *Owen v. Meserve*, the Supreme Judicial Court recognized the Legislature's prerogative in fixing the rules denying recovery against a railroad, and rejected the argument that railroads owe a duty of reasonable care to trespassers who die on the tracks. 381 Mass. 273, 276–77, 408 N.E.2d 867 (1980). A person who knowingly and without invitation leaves the platform of a railway station and proceeds along the tracks ceases to become a passenger and becomes a trespasser. *Boden v. Boston Elevated Railway Company*, 205 Mass. 504, 507, 508, 91 N.E. 879 (1910). Mary McConville was a trespasser on the tracks at Forest Hills Station. She straddled the track and put her head on the rail less than twenty-five feet in front of a moving train. The Defendants owed no duty to the Plaintiff to exercise reasonable care to prevent her from using their train as an instrument to carry out her suicide. Therefore, the Court enters Summary Judgment against the Plaintiff and in favor of the Defendants for all claims of negligence in Counts I, IV, VII, X, XII and XVI of the Plaintiff's Complaint.

■ Ever mindful of the statutory bar to negligence claims, Plaintiff has also asserted claims of gross negligence and willful, wanton and reckless conduct. It has been well established that "if the plaintiff's intestate was on the defendant's track without right, [an] action is not maintainable [against the railroad] unless there was willful or reckless misconduct on the part of the defendant, or of its agents." *McCreary v. Boston & Maine Railroad*, 153 Mass. 300, 304, 26 N.E. 864 (1891). Willful conduct is wanton or reckless when in the face of a known risk, one intentionally persists in conduct involving a high degree of probability that substantial harm would result to another. *Siver v. Atlantic Union College*, 338 Mass. 212, 216, 154 N.E.2d 360 (1958). Plaintiff has simply failed, after full discovery, to show any evidence that raises the slightest inference that Defendants' conduct was willful or wanton in this case. Accordingly, Summary Judgment is entered on Counts II, III, V, VI, VIII, IX, XII, XV, XVII. and XVIII of the Complaint.

---

1. Donald Wheaton was the conductor of train # 622 and George Raynor the engineer.

Similarly, Plaintiff has established no facts which support a claim of gross negligence. In order to support a finding of gross negligence, the conduct of the defendant must be characterized by a "high degree of culpability and indifference to duty." *McGrath v. G & P Thread Corporation*, 353 Mass. 60, 62, 228 N.E.2d 450 (1967). Gross negligence is substantially, and appreciably, higher in magnitude than ordinary evidence. *Peck v. Garfield*, 862 F.2d 1 (1st Cir.1988). Plaintiff submits as evidence of gross negligence the fact that for twenty minutes Defendant MBTA had knowledge that someone was on the tracks at the Forest Hills Station. Plaintiff mischaracterizes the evidence, however. The Amtrak police officer who arrived on the scene testified that he observed no one on the tracks when he arrived at the station. It was only as the train appeared that McConville materialized, descending and darting in front of a moving train less than twenty-five feet away from her. Accordingly, Summary Judgment is entered on Counts II, III, V, VI, VIII, IX, XI, XII, XV, XVII and XVIII.

Mary McConville was a trespasser who deliberately and intentionally placed herself in a position of mortal peril. McConville's plan to end her own life was accomplished by her surreptitiously darting out in front of the MBTA train. She straddled the track and placed her head on the rail in front of a moving train. Such deliberate suicidal conduct is a supervening event which relieves Defendants from liability as a matter of law. *See Daniels v. New York, New Haven and Hartford Railroad Company*, 183 Mass. 393, 400, 67 N.E. 424 (1903). Individuals who deliberately take their own lives should reap no reward from the law. Accordingly, Defendants' Motion For Summary Judgment is granted and Judgment is entered for the Defendants and against the Plaintiff.

SO ORDERED.